1  BRIAN S. KABATECK, SBN 152054
   (bsk@kbklawyers.com)
2  RICHARD L. KELLNER, SBN 171416
   (rlk@kbklawyers.com)
3  NIALL G. YAMANE, SBN 127899
   (ny@kbklawyers.com)
4  KABATECK BROWN KELLNER LLP
   644 South Figueroa Street
5  Los Angeles, California 90017
   Telephone: (213) 217-5000
6  Facsimile: (213) 217-5010

7  Attorneys for ARTURO CHING & ERMINA NAVARRO individuals on behalf of
   themselves and all others similarly situated
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11             SAN FRANCISCO DIVISION

12

13 ARTURO CHING, ERMINA NAVARRO,          CASE NO. CV 09 2613
   individuals on behalf of themselves and all
14 others similarly situated;               COMPLAINT FOR:

15                                           1.   BREACH OF CONTRACT
        Plaintiffs,                          2.   DECLARATORY RELIEF
16      vs.                                  3.   VIOLATION OF BUS. & PROF.
                                                  CODE § 17200, ET SEQ.
17 STATE FARM MUTUAL AUTOMOBILE             4.   BREACH OF THE IMPLIED
   INSURANCE COMPANY; and DOES 1                  COVENANT OF GOOD FAITH
18 through 10 inclusive;                          AND FAIR DEALING

19                                           CLASS ACTION
        Defendants.
20                                           JURY TRIAL DEMANDED

21

22

23        Plaintiffs Arturo Ching and Ermina Navarro individually and on behalf of the class

24 described below, by their attorneys, make the following allegations pursuant to the

25 investigation of their counsel and based upon information and belief except as to

26 allegations specifically pertaining to Plaintiffs and their counsel, which are based on

27 personal knowledge. Plaintiffs bring this action for damages, declaratory and injunctive

28 relief against Defendants, demanding a trial by jury:

                                        1
                                   COMPLAINT

**NATURE OF THE ACTION**

1.    This class action is brought on behalf of Plaintiffs and other California residents who were insureds, and from whom Defendant State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") has improperly sought and obtained reimbursement for medical bills that it advanced, in breach of its form automobile insurance agreements.

2.    In pertinent part, "Section II – Medical Payments – Coverage C" of the form State Farm automobile insurance policy expressly provides that the insured shall reimburse State Farm for medical bills advanced by State Farm under the limited circumstance that the proceeds recovered by the insured are "from any party *liable* for the *bodily injury*." (Exhibit A, p.11, emphasis added).  Even though State Farm's right to reimbursement of the medical insurance payment benefits is limited to circumstances only when it is paid by a party that is "*liable* for the *bodily injury*", State Farm seeks reimbursement whenever an insured receives payment from a third party source – regardless of whether or not a determination of liability has been made.

3.    State Farm does not have an automatic right to reimbursement of any collateral payments received by the insureds, and its failure to incorporate language in the form contract to permit reimbursement other than when a determination of liability is made should prohibit it from doing so.

4.    In addition, and no less significant, it is fundamentally unfair to expand State Farm's contractual right to reimbursement beyond the situation where it is applied to a recovery from a person that has been determined to be "*liable* for the *bodily injury*."  For example, if the insured executes a release settling all aspects of his or her claim with a third party that is contesting liability, the release waives and extinguishes all of the insured's rights to recovery, and there is no way to apportion the compromise with respect to the medical reimbursement or for other compensable damages.

5.    Plaintiffs bring this class action against State Farm to recover damages and other relief available at law and in equity on behalf of themselves, as well as on behalf of

1  the members of the following class:

2        *All California residents who are/were State Farm automobile insurance*

3        *policy holders and insureds with medical payment coverage, who recovered*

4        *money from a third party by way of settlement without a determination of*

5        *liability, and have thereafter reimbursed State Farm for proceeds advanced*

6        *pursuant to the medical payment coverage provision.*

7                        **THE PARTIES**

8      6.    Plaintiff Arturo Ching is a resident of San Pablo, California and is a

9  policyholder with automobile insurance coverage State Farm as more particularly described

10  herein.

11      7.    Plaintiff Ermina Navarro is a resident of San Pablo, California and was an

12  insured covered by the policy of insurance owned by Plaintiff Arturo Ching through State

13  Farm.

14      8.    Plaintiffs are informed and believe and thereon allege that Defendant State

15  Farm Mutual Automobile Insurance Company is an Illinois Corporation doing business in

16  the state of California.  State Farm's corporate headquarters are located in Bloomington,

17  Illinois.

18      9.    Plaintiffs do not know the true names or capacities of the persons or entities

19  sued herein as DOES 1 to 10, inclusive, and therefore sue such Defendants by such

20  fictitious names.  Plaintiffs are informed and believe and thereon allege that each of the

21  DOE Defendants is in some manner legally responsible for the damages suffered by

22  Plaintiffs and the members of the class as alleged herein.  Plaintiffs will amend this

23  complaint to set forth the true names and capacities of these Defendants when they have

24  been ascertained, along with appropriate charging allegations, as may be necessary.

25      10.    Plaintiffs are informed and believe and thereon allege that the Defendants,

26  and each of them, are, and at all times herein mentioned were, the agents, servants or

27  employees of each other, and in doing the acts and following the course of conduct set forth

28  herein, each such Defendant was acting within the course and scope of such agency or

1   employment, and each Defendant approved, ratified or affirmed the acts and conduct of

2   each other Defendant or its officers or managing agents.

3       11.    Defendants own, direct, operate and control, or are the alter egos of various

4   subsidiaries or wholly-owned companies, and, at all times herein mentioned, there has

5   existed a unity of interest and ownership between such Defendants such that any

6   separateness ceased to exist.

7       12.    There is a complete unity of interests and ownership among Defendants and

8   their subsidiaries, such that there is no corporate separateness and independence among

9   said corporations and each of said corporations is merely the agent and instrumentality of

10  each other.  By reason of the above facts, recognition of the independent identity of the

11  Defendants would operate a fraud upon Plaintiffs and the members of the class such that

12  each of said Defendants should be regarded as alter ego of each other and held responsible

13  for its obligations and liabilities.

14                          **JURISDICTION AND VENUE**

15      13.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. §

16  1332(d)(2) in that it is a class action filed under rule 23 of the Federal Rules of Civil

17  Procedure, the matter in controversy, as aggregated pursuant to 28 U.S.C. § 1332(d)(6)

18  exceeds the sum of $5,000,000 exclusive of interest and costs, and a substantial number of

19  members of the class of Plaintiffs are citizens of a state different from Defendant State

20  Farm.

21      14.    Venue is proper in the Northern District of California pursuant to 28 U.S.C.

22  § 1391(a) in that: (1) a substantial part of the events or omissions giving rise to the claims

23  asserted herein occurred in this judicial district; and (2) State Farm is subject to personal

24  jurisdiction in the Northern District of California.

25                          **INTRADISTRICT ASSIGNMENT**

26      15.    Venue is proper in the San Francisco Division of the United States District

27  Court for the Northern District of California under Civil L.R. 3-2(c) because a substantial

28  part of the events or omissions giving rise to the claims asserted herein occurred in San

                                    4

1 Francisco County. The State Farm automobile insurance policy at issue was entered into

2 and issued in San Francisco County.

3 **FACTUAL BACKGROUND OF ARTURO CHING AND ERMINA NAVARRO'S**

4 **ACCIDENT AND CLAIM**

5       16.      At all times mentioned herein, Plaintiff Arturo Ching possessed automobile

6 insurance issued through State Farm.

7       17.      Plaintiff Arturo Ching's State Farm policy G43 7154-A21-05B provided

8 limits of coverage for liability for property damage of $100,000 and also included medical

9 coverage of $10,000. (Attached as Exhibit A is a copy of the applicable State Farm car

10 policy.)

11       18.      On November 11, 2007, Plaintiff Arturo Ching, while driving his Dodge

12 Caravan, was struck by another motorist (hereinafter "third party motorist") from behind

13 while stopped in traffic. Plaintiff Ermina Navarro was passenger in the vehicle of the time

14 of the accident. As a result of this accident, Plaintiff Driver Arturo Ching and Plaintiff

15 Ermina Navarro sustained personal injuries.

16       19.      Plaintiffs Arturo Ching and Ermina Navarro, and the third party's insurance

17 company Balboa Insurance Company, entered into a settlement agreement on May 8, 2008

18 which compromised their bodily injury claims. The settlement agreement included a

19 "Release Agreement" which discharged any and all claims as to the third party motorist.

20 The Plaintiffs agreed with and signed this "Release Agreement".

21       20.      Pursuant to its medical coverage clause, State Farm paid $3,050 for medical

22 expenses incurred by Plaintiff Arturo Ching.

23       21.      Pursuant to its medical coverage claim, State Farm paid $3,050 for medical

24 expenses incurred by Plaintiff Ermina Navarro.

25       22.      State Farm then informed Plaintiff Arturo Ching that he must reimburse

26 State Farm the $3,050 it advanced to pay for his medical bills pursuant to "Section II –

27 Medical Payments – Coverage C", if he recovered any money "from any party liable for the

28 accident that caused injury".

23.     State farm then informed Plaintiff Ermina Navarro that she must reimburse State Farm the $3,050 it advanced to pay for her medical bills pursuant to "Section II – Medical Payments – Coverage C", if she recovered any money "from any party liable for the accident that caused injury".

24.     "Section II – Medical Payments – Coverage C" of the State Farm automobile insurance policy provides:

> *"If the person to or for whom we make payment recovers proceeds from any party* **liable** *for the bodily injury, that person shall hold in trust for us the proceeds of the recovery, and reimburse us to the extent of our payment." (emphasis removed) (See Exhibit A p. 11)*

25.     Plaintiffs have each repaid State Farm a portion of the monies State Farm has demanded in reimbursement.

26.     Plaintiffs dispute State Farm's right to reimbursement based upon the above provision on the grounds that the settlement money received by Plaintiffs was not recovered from a party *"**liable** for the bodily injury."* In fact, the "Release Agreements" waived all Plaintiffs' rights against the third party, and the third party expressly denied liability therein as is done in all settlements.

27.     Plaintiffs and the Class have been and will continue to be harmed by State Farm's practice of obtaining reimbursement from Plaintiffs and the Class of all medical bills advanced by State Farm pursuant to "Section II – Medical Payments – Coverage C" under circumstances where there has not been a determination of liability.

## CLASS ACTION ALLEGATIONS

28.     <u>Description of the Class</u>: Plaintiffs bring this action on behalf of themselves and the following class defined as follows:

*All California residents who are/were State Farm automobile insurance policy holders and insurance policy holders with medical payment coverage, who recovered money from a third party by way of settlement without a determination of liability, and*

6
COMPLAINT

1 | *have thereafter reimbursed State Farm for proceeds advanced pursuant to the medical*

2 | *payment coverage provision.*

3 |      29.    Excluded from the class are governmental entities, Defendants, Defendants'

4 | authorized dealers, and their parents, subsidiaries, affiliates, employees, officers, directors

5 | and co-conspirators. Excluded from this class are any judges, justices or judicial officers

6 | presiding over this matter and the members of their immediate families and judicial staffs.

7 |      30.    Plaintiffs and the Class bring this action for equitable, injunctive and

8 | declaratory relief pursuant to subdivisions (b)(1), (b)(2) and (b)(3) of Rule 23 of the Federal

9 | Rules of Civil Procedure.

10 |      31.    Plaintiffs reserve the right to modify the class description and the Class

11 | period based on the results of discovery.

12 |      32.    <u>Numerosity</u>: Plaintiffs do not know the exact number of Class members

13 | because such information is in the exclusive control of State Farm. Due to the nature of the

14 | trade and commerce involved, however, Plaintiffs believe that the total number of Class

15 | members is at least in the hundreds of thousands and members of the Class are so

16 | numerous and geographically dispersed within the State of California that joinder of all

17 | Class members is impracticable.

18 |      33.    <u>Common Questions of Law and Fact Predominate</u>: State Farm has acted

19 | with respect to the Class in a manner generally applicable to each class member. There is a

20 | well-defined community of interest in the questions of law and fact involved in the action,

21 | which affect all class members. The questions of law or fact common to the Class

22 | predominate over any questions affecting only individual members, including, but not

23 | limited to, the following:

24 |      a.    Whether the language under "Section II – Medical Payments –

25 | Coverage C" of California Policy Form 9805A should be interpreted as permitting

26 | reimbursement to State Farm of medical expenses it advanced only when proceeds

27 | were received by the insured from a third party that is "***liable*** for the *bodily injury.*"

28 |      b.    Whether the language "recovers proceeds from any party **liable for**

the *bodily injury*" (emphasis in original) under "Section ll – Medical Payments – Coverage C" of California Policy Form 9805A, entitles State Farm to collect proceeds recovered by the insured pursuant to a settlement agreement, where the insured executes a release in which all legal rights are expressly waived by the Plaintiffs.

   c. Whether Plaintiffs and the members of the Class have been damaged by the wrongs complained of herein, and if so, the measure of those damages and the nature and extent of other relief that should be afforded.

  34. <u>Typicality</u>: The claims of Plaintiffs are typical of the claims of the other members of the Class in that all members of the Class have been harmed in substantially the same way by State Farm's actions.

  35. <u>Adequacy of Representation</u>: Plaintiffs will fairly and adequately represent and protect the interests of the class. Plaintiffs have retained counsel with substantial experience in prosecuting complex and class action litigation. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interests adverse to those of the proposed Class.

  36. <u>Superiority of a Class Action</u>: Plaintiffs and the members of the Class have suffered, and will continue to suffer, harm as a result of State Farm's unlawful and wrongful conduct. A Class action is superior to other available methods for the fair and efficient adjudication of the present controversy as individual joinder of all members of the Class is impractical. Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by State Farm's common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all Class members' claims in a single forum. The conduct of this action as a class action

conserves the resources of the parties and of the judicial system, and protects the rights of the Class member. Furthermore, for many, if not most, Class members, a class action is the only feasible mechanism that allows therein an opportunity for legal redress and justice.

37.     Adjudication of individual Class members' claims with respect to the Defendant would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication and could substantially impair or impede the ability of other Class members to protect their interests.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

38.     Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

39.     State Farm insures Plaintiffs and the Class for automobile insurance coverage.

40.     Pursuant to the insurance contract between the parties, State Farm has an obligation of good faith and fair dealing.

41.     State Farm's automobile insurance policy at "Section II – Medical Payments – Coverage C" expressly states that the insured shall reimburse the insurer for medical bills advanced by State Farm only where the insured "recovers proceeds from any party **liable for the bodily injury**." (emphasis in original)

42.     State Farm has breached its contractual obligation by improperly obtaining reimbursement of medical expenses, it has advanced pursuant to "Section II – Medical Payments – Coverage C", when its insureds receive proceeds from third parties by way of settlement and a release of liability, and no determination of "liability for the bodily injury" has been made.

43.     Plaintiffs and the Class were damaged when State Farm recovered proceeds from its insureds as reimbursement for medical bills paid by State Farm pursuant to "Section II – Medical Payments – Coverage C."

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

## SECOND CAUSE OF ACTION

### (Declaratory Relief)

44.     Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

45.     An actual controversy has arisen and now exists between Plaintiffs and State Farm concerning their respective rights and duties under "Section II – Medical Payments – Coverage C" of California Policy Form 9805A as detailed above.

46.     Specifically, Plaintiffs and the Class contend that "Section II – Medical Payments – Coverage C" does not provide State Farm with the right to reimbursement where the insured has entered into a settlement agreement and release of liability with a third party, where the third party's liability has not been determined by a court proceeding, jury trial or otherwise.

47.     A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties.

48.     Accordingly, Plaintiffs and the Class request a judicial declaration from this Court that "Section II – Medical Payments – Coverage C" of State Farm's California Policy Form 9805A, permits reimbursement only upon a determination that the third party payor is liable for the bodily injury.

## THIRD CAUSE OF ACTION

### (Violation of Bus. & Prof. Code § 17200, *et seq.*)

49.     Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

50.     Plaintiffs have suffered injury in fact, and have lost money or property as a result of State Farm's actions as delineated herein.

51.     This cause of action is brought on behalf of all people of the State of California in accordance with the provisions of Business & Professions Code section 17204.

52.     State Farm's actions described in the complaint constitute an unjust,

10

COMPLAINT

1  unreasonable or deceptive business practice within the meaning of California Business and

2  Professions Code section 17200 in that State Farm's actions are unlawful, unfair and

3  fraudulent.

4      53.    Pursuant to section 17203, Plaintiffs and the Class seek an order of this

5  Court enjoining State Farm from continuing to engage in unlawful, unfair or deceptive

6  business practices and any other act prohibited by law, including those acts set forth in the

7  complaint. Plaintiffs and the Class also seek an order (a) requiring State Farm to make full

8  restitution of all moneys it wrongfully obtained from Plaintiffs and the Class, and (b)

9  requiring State Farm to disgorge all ill-gotten revenues and/or profits as an additional form

10  of restitution of funds wrongfully taken from Plaintiffs and the Class to which Defendants

11  are not entitled.

12      WHEREFORE, Plaintiffs and the class pray for relief as set forth below.

13                    **FOURTH CAUSE OF ACTION**

14      **(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

15      54.    Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to

16  the extent necessary, pleads this cause of action in the alternative.

17      55.    Plaintiffs and State Farm entered an insurance contract with a mutual

18  understanding and expectation that State Farm would act in good faith and deal fairly under

19  the terms of the Policy.

20      56.    State Farm has tortuously breached its implied covenant of good faith and

21  fair dealing, by improperly obtaining reimbursement of medical expenses it has advanced

22  pursuant to "Section II – Medical Payments – Coverage C" from its insureds when the

23  insureds receive payments from third parties by way of settlement and release of liability,

24  and no determination of "liability for the bodily injury" has been made.

25      57.    As a proximate result of the aforementioned wrongful conduct of State

26  Farm, Plaintiffs and the Class have suffered, and will continue to suffer, damages in a sum

27  to be determined at the time of trial.

28      58.    As a further proximate result of the wrongful and bad faith conduct of State

1   Farm, Plaintiffs and the Class were compelled to retain legal counsel to obtain the benefits

2   due under the Policy.  Therefore, State Farm is liable to Plaintiffs and the Class for those

3   attorneys' fees incurred by Plaintiffs in order to obtain the amounts due under the Policy in

4   a sum to be determined at the time of trial.

5          59.    State Farm acted with malice, oppression, and fraud by improperly obtaining

6   reimbursement of medical expenses it has advanced, pursuant to "Section II – Medical

7   Payments – Coverage C" from its insureds where no determination of "liability for the

8   bodily injury" has been made.  State Farm deliberately frustrated Plaintiffs' right to receive

9   the benefits of the insurance agreement and disappointed Plaintiffs' reasonable

10  expectations.

11                            **PRAYER FOR RELIEF**

12         WHEREFORE, Plaintiffs, as individuals, and members of the proposed Class, pray

13  for judgment against Defendant, as follows:

14         1.     Certification of the proposed Class and notice thereto to be paid by

15  Defendant;

16         2.     Awarding Plaintiffs and the Class damages for State Farm's breach of

17  contract;

18         3.     A Decree that "Section II – Medical Payments – Coverage C" of State

19  Farm's California Policy Form 9805A permits reimbursement only upon a determination

20  that the third party pay or is liable for the bodily injury;

21         4.     Awarding Plaintiffs and the Class injunctive relief and restitution for State

22  Farm's violation of the Business & Professions Code section 17200;

23         5.     Awarding Plaintiffs and the Class declaratory relief;

24         6.     Awarding Plaintiffs and the Class pre- and post-judgment interest as allowed

25  by law;

26         7.     Awarding counsel for Plaintiffs and the Class reasonable attorneys' fees and

27  costs; and

28         8.     Granting such other and further relief that this Court may deem just and

proper.

Date: June \\, 2009                    KABATECK BROWN KELLNER LLP

By: _____
                                    NIALL G. YAMANE
                                    Attorney for Plaintiffs

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury in the instant action.

Dated: June \\, 2009                   KABATECK BROWN KELLNER LLP

By: _____
                                    NIALL G. YAMANE
                                    Attorney for Plaintiffs

EXHIBIT A

PLEASE READ YOUR POLICY CAREFULLY. IF YOU HAVE AN ACCIDENT, CONTACT YOUR STATE FARM AGENT OR ONE OF OUR CLAIM OFFICES AT ONCE. (SEE "REPORTING A CLAIM-INSURED'S DUTIES" IN THIS POLICY.)

Authorized Representative

State Farm Mutual Automobile Insurance Company, Home Office, Bloomington, Illinois
The address of the Regional Office issuing this policy is shown at the top of the Declarations Page.

# YOUR
# STATE FARM
# CAR
# POLICY

## WARNING

Unless you have automobile insurance written by a Mexican insurance company, you may spend many hours or days in jail, if you have an accident in Mexico. Insurance coverage should be secured from a company licensed under the laws of Mexico to write such insurance in order to avoid complications and some other penalties possible under the laws of Mexico, including the possible impoundment of your automobile.

California
Policy Form 9805A

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
BLOOMINGTON, ILLINOIS
A MUTUAL COMPANY
DEFINED WORDS
WHICH ARE USED IN SEVERAL PARTS OF THE POLICY

We define some words to shorten the policy. This makes it easier to read and understand. Defined words are printed in boldface italics. *You* can pick them out easily.

*Bodily Injury* -- means bodily injury to a *person* and sickness, disease or death which results from it.

*Car* -- means a land motor vehicle with four or more wheels, which is designed for use mainly on public roads. It does not include:

1.  any vehicle while located for use as a dwelling or other premises; or

2.  a truck-tractor designed to pull a trailer or semitrailer.

*Car Business* -- means a business or job where the purpose is to test, road test, sell, lease, repair, service, transport, store or park land motor vehicles or trailers.

*Insured* -- means the *person, persons* or organization defined as *insureds* in the specific coverage. If the information *you* have provided State Farm is incorrect or incomplete, or changes during the policy period, State Farm may decrease or increase the premium during the policy period as set out in the provision titled **Premium** of the Conditions section of this policy.

*Loss* -- defined in Sections IV and V.

*Newly Acquired Car* -- means a *replacement car* or an *additional car*.

> *Replacement Car* -- means a *car* newly owned by or newly leased to *you* or *your spouse* that replaces the *replacement car* if *you* or *your spouse*:
>
> 1.  ask us to insure it within 30 days after its delivery to *you* or *your spouse*; and
>
> 2.  pay us any added amount due.

*Additional Car* -- means an added *car* newly owned by or newly leased to *you* or *your spouse*. This policy will only provide coverage for the *additional car* if:

1.  it is a *private passenger car* and we insure all other *private passenger cars*; or

2.  it is other than a *private passenger car* and we insure all *cars*

owned by or leased to *you* or *your spouse* on the date of its delivery to *you* or *your spouse*.

This policy provides coverage for the *additional car* only until the earlier of:

1.  12:01 A.M. Standard Time at the address shown on the declarations page on the 31st day after the delivery of the *car* to *you* or *your spouse*; or

2.  the effective date and time of a policy issued by us or any other company that describes the *car* on its declarations page.

*You* or *your spouse* may apply for a policy that will provide coverage beyond the 30th day for the *additional car*. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of application.

If a *newly acquired car* is not otherwise afforded comprehensive or collision coverage by this or any other policy, this policy will provide the comprehensive or collision coverage not otherwise provided for the *newly acquired car*. If such coverage is provided by this paragraph, it will apply only until 12:01 A. M. Standard Time at the address shown on the declarations page on the sixth day after the delivery of the *car* to *you* or *your spouse*. Any comprehensive or collision coverage provided by this paragraph is subject to a deductible of $500.

*Non-Owned Car* -- means a *car* not owned by, registered to or leased to:

1   *you, your spouse*;

2.  any *relative* unless at the time of the accident or *loss*:

> a.  the *car* currently is or has within the last 30 days been insured for liability coverage; and

2
9805A

b.   the driver is an *insured* who does not own or lease the *car*;

3.   any other *person* residing in the same household as *you*, *your spouse* or any *relative*; or

4.   an employer of *you*, *your spouse* or any *relative*.

*Non-owned car* does not include a *car* which has been operated or rented by or in the possession of an *insured* during any part of each of the last 21 or more consecutive days. If the *insured* is an *insured* under one or more other car policies issued by us, the 21 day limit is increased by an additional 21 days for each such additional policy.

A *non-owned car* must be a *car* in the lawful possession of the *person* operating it.

*Occupying* – means in, on, entering or alighting from.

*Person* – means a human being.

*Private Passenger Car* – means a *car*:

1.   with four wheels;

2.   of the private passenger or station wagon type; and

3.   designed solely to carry *persons* and their luggage.

*Relative* – as used in Sections I, II, IV and V means a *person* related to *you* or *your spouse* by blood, marriage or adoption who resides primarily with *you*. It includes *your* unmarried and unemancipated child away at school.

As used in Section III, *relative* means a *person* related to *you* or *your spouse* by blood, marriage or adoption who resides primarily with *you* or *your spouse*. It includes *your* unmarried and unemancipated child away at school.

*Spouse* – as used in Sections I, II, IV and V means *your* husband or wife who resides primarily with *you*.

As used in Section III, *spouse* means *your* husband or wife.

*Temporary Substitute Car* – means a *car* not owned by, registered to or leased to *you* or *your spouse*, if it replaces *your car* for a short time. Its use has to be with the consent of the owner. *Your car* has to be out of use due to its breakdown, repair, servicing, damage or loss. A *temporary substitute car* is not considered a *non-owned car*.

*Utility Vehicle* – means a motor vehicle with:

1.   a pickup, panel or van body; and

2.   a Gross Vehicle Weight of 10,000 pounds or less.

*You or Your* – means the named insured or named insureds shown on the declarations page.

*Your Car* – means the *car* or the vehicle described on the declarations page.

## DECLARATIONS CONTINUED

We, the State Farm Mutual Automobile Insurance Company, agree to insure *you* according to the terms of this policy based:

1.   on *your* agreement to pay the required premium for the coverages *you* chose; and

2.   in reliance on *your* statements in these declarations.

*You agree*, by acceptance of this policy that:

1.   the statements in these declarations are *your* statements and are true; and

2.   we insure *you* on the basis *your* statements are true; and

3.   this policy contains all of the agreements between *you* and us or any of our agents.

Unless otherwise stated in the exceptions space on the declarations page, *your* statements are:

1.   Ownership. *You* are the sole owner of *your car*.

2.   Insurance and License History. Neither *you* nor any member of *your* household within the past three years has had:

a.   vehicle insurance canceled by an insurer; or

b.   a license to drive or vehicle registration suspended, revoked or refused.

3.   Use. *Your car* is used for pleasure and business.

3
9805A

# WHEN AND WHERE COVERAGE APPLIES

## When Coverage Applies

The coverages *you* chose apply to accidents and *losses* that take place during the policy period.

The policy period is shown under "Policy Period" on the declarations page and is for successive periods of six months each for which *you* pay the renewal premium. Payments must be made on or before the end of the current policy period. The policy period begins and ends at 12:01 A.M. Standard Time at the address shown on the declarations page.

## Where Coverage Applies

The coverages *you* chose apply:

1. in the United States of America, its territories and possessions or Canada; or

2. while the *insured vehicle* is being shipped between their ports.

The liability, medical payments, uninsured motor vehicle and physical damage coverages also apply in Mexico within 50 miles of the United States border. A physical damage coverage *loss* in Mexico is determined on the basis of cost at the nearest United States point.

Death, dismemberment and loss of sight, total disability and loss of earnings coverages apply anywhere in the world.

## FINANCED VEHICLES

If a creditor is shown in the declarations, we may pay any comprehensive or collision *loss* to:

1. *you* and, if unpaid, the repairer; or

2. *you* and such creditor, as its interest may appear, when we find it is not practical to repair *your car*; or

3. the creditor, as to its interest, if *your car* has been repossessed.

When we pay the creditor for *loss* for which *you* are not covered, we are entitled to the creditor's right of recovery against *you* to the extent of our payment. Our right of recovery shall not impair the creditor's right to recover the full amount of its claim.

The coverage for the creditor's interest only is valid until we terminate it. We will not terminate such coverage because of:

1. any act or negligence of the owner or borrower; or

2. a change in the ownership or interest unknown to us, unless the creditor knew of it and failed to tell us within 10 days; or

3. an error in the description of the vehicle.

The date of termination of the creditor's interest will be at least 20 days after the date we mail or electronically transmit the termination notice.

## REPORTING A CLAIM — INSURED'S DUTIES

1. Notice to Us of an Accident or Loss

The *insured* must give us or one of our agents written notice of the accident or *loss* as soon as reasonably possible. The notice must give us:

a. *your* name; and

b. the names and addresses of all *persons* involved; and

c. the hour, date, place and facts of the accident or *loss*; and

d. the names and addresses of witnesses.

2. Notice to Us of Claim or Suit

If a claim or suit is made against an *insured*, that *insured* must at once send us every demand, notice or claim made and every summons or legal process received. That *insured* also shall answer questions under oath when asked by anyone we name, as often as we reasonably ask, and sign copies of the answers.

3. Other Duties Under the Physical Damage Coverages

When there is a *loss*, *you* or the owner of the property also shall:

a.  make a prompt report of the police when the *loss* is the result of theft or larceny.

b.  protect the damaged vehicle. We will pay any reasonable expense incurred to do so.

c.  show us the damage, when we ask.

d.  provide all records, receipts and invoices, or certified copies of them. We may make copies.

e.  answer questions under oath when asked by anyone we name, as often as we reasonably ask, and sign copies of the answers.

4.  **Other Duties Under Medical Payments, Uninsured Motor Vehicle, Death, Dismemberment and Loss of Sight, Total Disability and Loss of Earnings Coverages**

Any *person* who suffers a *bodily injury* which results in a medical payments coverage claim must notify us of the claim in writing as soon as reasonably possible after the *person's* first examination or treatment resulting from the *bodily injury*. Another *person* may give us the required notice on behalf of the injured *person*.

The *person* making claim also shall:

a.  under the medical payments, uninsured motor vehicle, death, dismemberment and loss of sight, total disability and loss of earnings coverages:

(1)  give us all the details about the death, injury, treatment and other information we need to determine the amount payable.

(2)  be examined by physicians chosen and paid by us as often as we reasonably may require. A copy of the report will be sent to the *person* upon written request. The *person*, or his or her legal representative if the *person* is dead or unable to act, shall authorize us to obtain all medical reports and records.

(3)  answer questions under oath when asked by anyone we name, as often as we reasonably ask, and sign copies of the answers.

b.  under the uninsured motor vehicle coverage:

(1)  report a "hit-and-run" accident to the police within 24 hours and to us within 30 days.

(2)  let us see the insured *car* the *person occupied* in the accident.

(3)  send us at once a copy of all suit papers if the *person* sues the party liable for the accident for damages.

c.  under the death, dismemberment and loss of sight, total disability and loss of earnings coverages, give us proof of claim on forms we furnish.

d.  under uninsured motor vehicle property damage coverage report the accident to us within 30 days.

5.  **Insured's Duty to Cooperate With Us**

a.  The *insured* shall cooperate with us and, when asked, assist us in:

(1)  making settlements;

(2)  securing and giving evidence;

(3)  attending, and getting witnesses to attend, hearings and trials.

b.  The *insured* shall not, except at his or her own cost, voluntarily:

(1)  make any payment or assume any obligation to others; or

(2)  incur any expense, other than for first aid to others.

## SECTION I — LIABILITY — COVERAGE A

*You* have this coverage if "A" appears in the "Coverages" space on the declarations page.
We will:

1. pay damages which an *insured* becomes legally liable to pay because of:

    a. *bodily injury* to others, and

    b. damage to or destruction of property including loss of its use.

    caused by accident resulting from the ownership, maintenance or use of *your car*; and

2. defend any suit against an *insured* for such damages with attorneys hired and paid by us. WE WILL NOT DEFEND ANY SUIT:

    a. AFTER WE HAVE PAID THE AP-PLICABLE LIMIT OF OUR LI-ABILITY FOR THE ACCIDENT WHICH IS THE BASIS OF THE LAWSUIT; OR

    b. IF THERE IS NO COVERAGE UN-DER THE POLICY.

In addition to the limits of liability, we will pay for an *insured* any costs listed below resulting from such accident.

1. Court costs of any suit for damages that we defend.

2. Interest on damages owed by the *insured* due to a judgment and accruing:

    a. after the judgment, and until we pay, offer or deposit in court, the amount due under this coverage; or

    b. before the judgment, where owed by law, and until we pay, offer or deposit in court the amount, due under this coverage, but only on that part of the judgment we pay.

3. Premiums or costs of bonds:

    a. to secure the release of an *insured's* property attached under a court order;

    b. required to appeal a decision in a suit for damages if we have not paid our limit of liability that applies to the suit; and

    c. up to $250 for each bail bond needed because of an accident or related traf-fic law violation.

We have no duty to furnish or apply for any bonds. The amount of any bond we pay for shall not be more than our limit of liability.

4. Expenses incurred by an *insured*.

    a. for loss of wages or salary up to $100 per day if we ask the *insured* to attend the trial of a civil suit.

    b. for first aid to others at the time of the accident.

    c. at our request.

We have the right to investigate, negotiate and set-tle any claim or suit.

### Coverage for the Use of Other Cars

The liability coverage extends to the use, by an *in-sured*, of a *newly acquired car*, a *temporary sub-stitute car* or a *non-owned car*.

### Who Is an Insured

When we refer to *your car*, a *newly acquired car* or a *temporary substitute car*, *insured* means:

1. *you*;

2. *your spouse*;

3. the *relatives* of the first *person* named in the declarations;

4. any other *person* while using such a *car* if its use is within the scope of consent of *you* or *your spouse*; and

5. any other *person* or organization liable for the use of such a *car* by one of the above *insureds*.

When we refer to a *non-owned car*, *insured* means:

1. the first *person* named in the declarations;

2. his or her *spouse*;

3. their *relatives*; and

4. any *person* or organization which does not own or hire the *car* but is liable for its use by one of the above *persons*.

THERE IS NO COVERAGE FOR *NON-OWNED CARS*:

1. IF THE DECLARATIONS STATE THE "USE" OF *YOUR CAR* IS OTHER THAN "PLEASURE AND BUSINESS"; OR

2.   WHILE:

   a.   BEING REPAIRED, SERVICED OR USED BY ANY *PERSON* WHILE THAT *PERSON* IS WORKING IN ANY CAR BUSINESS; OR,

   b.   USED IN ANY OTHER BUSINESS OR OCCUPATION. This does not apply to a *private passenger car* driven or *occupied* by the first *person* named in the declarations, his or her *spouse* or their *relatives*.

## Trailer Coverage

The liability coverage extends to the ownership, maintenance or use, by an *insured*, of:

   1.   trailers designed to be pulled by a *private passenger car* or a *utility vehicle*, except those trailers in 2.a. below.

   Farm implements and farm wagons are considered trailers while pulled by a *car* on public roads by a *car* we insure for liability.

   These trailers are not described in the declarations and no extra premium is charged.

   2.   the following trailers only if they are described on the declarations page and extra premium is paid:

   a.   trailers designed to be pulled by a *private passenger car* or a *utility vehicle*:

      (1)   if designed to carry *persons*; or

      (2)   while used with a motor vehicle whose use is shown as "commercial" on the declarations page (trailers used only for pleasure use are covered even if not described and no extra premium paid); or

      (3)   while used as premises for office, store or display purposes; or

   b.   trailers not designed to be pulled by a *private passenger car* or a *utility vehicle*.

When we refer to trailer coverage, *insured* means:

   1.   *you*;

   2.   *your spouse*;

   3.   the *relatives* of the first *person* named in the declarations;

   4.   any other *person* while using *your car*, a *newly acquired car* or a *temporary substitute car*, if its use is within the scope of consent of *you* or *your spouse*; and

   5.   any other *person* or organization liable for the use of a covered trailer by one of the above *insureds*.

THERE IS NO COVERAGE WHEN A TRAILER IS USED WITH A MOTOR VEHICLE THAT IS NOT COVERED UNDER THE LIABILITY COVERAGE OF THIS POLICY.

## Limits of Liability

The amount of bodily injury liability coverage is shown on the declarations page under "Limits of Liability – Coverage A – Bodily Injury, Each Person, Each Accident". Under "Each Person" is the amount of coverage for all damages due to *bodily injury* to one person. "*Bodily injury* to one person" includes all injury and damages to others resulting from this *bodily injury*. Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person", for all damages due to *bodily injury* to two or more *persons* in the same accident.

The amount of property damage liability coverage is shown on the declarations page under "Limits of Liability – Coverage A – Property Damage, Each Accident".

We will pay damages for which an *insured* is legally liable up to these amounts.

The limits of liability are not increased because more than one *person* or organization may be an *insured*.

A motor vehicle and attached trailer are one vehicle. Therefore, the limits are not increased.

The liability coverage shall be excess over and shall not pay again any medical expenses paid under the medical payments coverage.

## When Coverage A Does Not Apply

In addition to the limitations of coverage in Who Is an Insured and Trailer Coverage:

THERE IS NO COVERAGE:

   1.   WHILE ANY VEHICLE INSURED UNDER THIS SECTION IS:

   a.   RENTED OR LEASED TO OTHERS.

   b.   USED TO CARRY *PERSONS* FOR A CHARGE. This does not apply to the use on a share expense basis of:

      (1)   a *private passenger car*; or

(2) a *utility* vehicle, if all passengers are riding in that area of the vehicle designed by the manufacturer of the vehicle for carrying passengers.

c.  BEING REPAIRED, SERVICED OR USED BY ANY *PERSON* EMPLOYED OR ENGAGED IN ANY WAY IN A *CAR BUSINESS*. This does not apply to:

(1) *you* or *your spouse*;

(2) any *relative*;

(3) any resident of *your* household; or

(4) any agent, employee or partner of *you*, *your spouse*, any *relative* or such resident.

This coverage is excess for (3) and (4) above.

2   FOR ANY *BODILY INJURY* TO:

a.  A FELLOW EMPLOYEE WHILE ON THE JOB AND ARISING FROM THE MAINTENANCE OR USE OF A VEHICLE BY ANOTHER EMPLOYEE IN THE EMPLOYER'S BUSINESS. *You* and *your spouse* are covered for such injury to a fellow employee.

b.  ANY EMPLOYEE OF AN *INSURED* ARISING OUT OF HIS OR HER EMPLOYMENT. This does not apply to a household employee who is neither covered nor required to be covered under any workers' compensation insurance.

3.  FOR:

a.  THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES; OR

b.  ANY *PERSON* WHO IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES, IF THE PROVISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY.

4.  FOR ANY DAMAGES TO PROPERTY OWNED BY, RENTED TO, IN THE CHARGE OF OR TRANSPORTED BY AN *INSURED*, INCLUDING A VEHICLE OPERATED BY AN *INSURED*. But coverage applies to a rented:

a.  residence; or

b.  private garage

damaged by a *car* we insure.

5.  FOR ANY OBLIGATION OF AN *INSURED*, OR HIS OR HER INSURER, UNDER ANY TYPE OF WORKERS' COMPENSATION OR DISABILITY OR SIMILAR LAW.

6.  FOR LIABILITY ASSUMED BY THE *INSURED* UNDER ANY CONTRACT OR AGREEMENT.

7.  FOR *BODILY INJURY* TO ANY *INSURED*.

**If There Is Other Liability Coverage**

1.  Policies Issued by Us to You, Your Spouse, or Any Relative

If two or more vehicle liability policies issued by us to *you*, *your spouse*, or any *relative* apply to the same accident, the total limits of liability under all such policies shall not exceed that of the policy with the highest limit of liability.

2.  Other Liability Coverage Available From Other Sources

Subject to item 1, if other vehicle liability coverage applies, we are liable only for our share of the damages. Our share is the percent that the limit of liability of this policy bears to the total of all vehicle liability coverage applicable to the accident.

3.  Temporary Substitute Car, Non-Owned Car, Trailer

Subject to items 1 and 2, if a *temporary substitute car*, a *non-owned car* or a trailer designed for use with a *private passenger car* or *utility vehicle*:

a.  has other vehicle liability coverage on it; or

b.  is self-insured under any motor vehicle financial responsibility law, a motor carrier law or any similar law,

then this coverage is excess over such insurance or self-insurance.

4.  Newly Acquired Car

THIS COVERAGE DOES NOT APPLY IF THERE IS OTHER VEHICLE LIABILITY COVERAGE ON A *NEWLY ACQUIRED CAR*.

**Motor Vehicle Compulsory Insurance Law or Financial Responsibility Law**

1.  Out-of-State Coverage

If an *insured* under the liability coverage is in another state or Canada and, as a nonresident,

8
9805A

becomes subject to its motor vehicle compulsory insurance, financial responsibility or similar law:

a. the policy will be interpreted to give the coverage required by the law; and

b. the coverage so given replaces any coverage in this policy to the extent required by the law for the *insured's* operation, maintenance or use of a *car* insured under this policy.

Any coverage so extended shall be reduced to the extent other coverage applies to the accident. In no event shall a *person* collect more than once.

2. Financial Responsibility Law

When certified under any law as proof of future financial responsibility, and while required during the policy period, this policy shall comply with such law to the extent required. The *insured* agrees to repay us for any payment we would not have had to make under the terms of this policy except for this agreement.

## SECTION II — MEDICAL PAYMENTS — COVERAGE C

*You* have this coverage if "C" appears in the "Coverages" space on the declarations page.

**Medical Expenses**

We will pay reasonable medical expenses incurred, for *bodily injury* caused by accident, for services furnished within three years of the date of the accident. These expenses are for necessary medical, surgical, X-ray, dental, ambulance, hospital, professional nursing and funeral services, eyeglasses, hearing aids and prosthetic devices.

REASONABLE MEDICAL EXPENSES DO NOT INCLUDE EXPENSES:

1. FOR TREATMENT, SERVICES, PRODUCTS OR PROCEDURES THAT ARE:

   a. EXPERIMENTAL IN NATURE, FOR RESEARCH, OR NOT PRIMARILY DESIGNED TO SERVE A MEDICAL PURPOSE; OR

   b. NOT COMMONLY AND CUSTOMARILY RECOGNIZED THROUGHOUT THE MEDICAL PROFESSION AND WITHIN THE UNITED STATES AS APPROPRIATE FOR THE TREATMENT OF THE *BODILY INJURY*; OR

2. INCURRED FOR:

   a. THE USE OF THERMOGRAPHY OR OTHER RELATED PROCEDURES OF A SIMILAR NATURE; OR

   b. THE PURCHASE OR RENTAL OF EQUIPMENT NOT PRIMARILY DESIGNED TO SERVE A MEDICAL PURPOSE.

Expenses are reasonable only if they are consistent with the usual fees charged by the majority of similar medical providers in the geographical area in which the expenses were incurred for the specific medical service.

Services are necessary only if the services are rendered by a medical provider within the legally authorized scope of the provider's practice and are essential in achieving maximum medical improvement for the *bodily injury* sustained in the accident.

We have the right to make or obtain a utilization review of the medical expenses and services to determine if they are reasonable and necessary for the *bodily injury* sustained.

The *bodily injury* must be discovered and treated within one year of the date of the accident.

**Persons for Whom Medical Expenses Are Payable**

We will pay medical expenses for *bodily injury* sustained by:

1. a. the first *person* named in the declarations;

9
9805A

b.   his or her *spouse*; and

c.   their *relatives*.

These *persons* have to sustain the *bodily injury*:

a.   while they operate or *occupy* a vehicle covered under the liability section; or

b.   through being struck as a *pedestrian* by a motor vehicle or trailer.

A *pedestrian* means a *person* not an occupant of a motor vehicle or trailer.

2.   any other *person* while *occupying*:

a.   a vehicle covered under the liability coverage, except a *non-owned car*. Such vehicle has to be used by a *person* who is insured under the liability coverage; or

b.   a *non-owned car*. The *bodily injury* has to result from such *car's* operation or *occupancy* by the first *person* named in the declarations, his or her *spouse* or their *relatives*.

**Deciding Amount**

The amount due under this coverage shall be decided by agreement between the *person* making claim and us. If there is no agreement, the amount due shall be decided by arbitration upon written request of the *person* making claim or us. Each party shall select a competent and impartial arbitrator. These two shall select a third one. If unable to agree on the third one within 30 days, either party may request a judge of a court of record in the county in which the arbitration is pending to select a third one. The written decision of any two arbitrators shall be binding on us, the *person* making claim, any assignee of the *person* making claim and any *person* or organization with whom the *person* making claim expressly or impliedly contracts for the rendition of medical services. The arbitrators' decision shall be limited to whether or not the medical expenses were reasonable and necessary, with the amount due being equal to the reasonable and necessary medical expenses only. The arbitrators shall not award punitive damages or other non-compensatory damages.

The cost of the arbitrator and any expert witness shall be paid by the party who hired them. The cost of the third arbitrator and other expenses of arbitration shall be shared equally by both parties.

The arbitration shall take place in the county in which the *person* making claim resides unless the

parties agree to another place. State court rules governing procedure and admission of evidence shall be used.

**Payment of Medical Expenses**

We may pay the injured *person* or any *person* or organization performing the services.

**Limit of Liability**

The amount of coverage for medical expenses, including funeral services, is shown on the declarations page under "Limit of Liability – Coverage C – Each Person". If the amount shown is $3,000 or more, the most we pay for funeral services is $3,000 per *person*.

A motor vehicle and attached trailer are one vehicle as respects limits.

**If There Are Other Medical Payments Coverages**

1.   Non-Duplication

No *person* for whom medical expenses are payable under this coverage shall recover more than once for the same medical expense under this or similar vehicle insurance.

2.   Policies Issued by Us to You, Your Spouse or Relatives

If two or more policies issued by us to *you*, *your spouse* or *your relatives* provide vehicle medical payments coverage and apply to the same *bodily injury* sustained:

a.   while *occupying* a *non-owned car*, a *temporary substitute car*; or

b.   as a *pedestrian*;

the total limits of liability under all such policies shall not exceed that of the policy with the highest limit of liability.

3.   Subject to items 1 and 2 above:

a.   if a *temporary substitute car*, a *non-owned car* or a trailer has other vehicle medical payments coverage on it, or

b.   if other vehicle medical payments coverage applies to *bodily injury* sustained by a *pedestrian*;

this coverage is excess.

4.   THIS COVERAGE DOES NOT APPLY IF THERE IS OTHER VEHICLE MEDICAL PAYMENTS COVERAGE ON A *NEWLY ACQUIRED CAR*.

10
9805A

## When Someone May Be Legally Liable For the Bodily Injury

If the *person* to or for whom we make payment recovers proceeds from any party liable for the *bodily injury*, that *person* shall hold in trust for us the proceeds of the recovery, and reimburse us to the extent of our payment.

## What Is Not Covered

THERE IS NO COVERAGE:

1. WHILE A *NON-OWNED CAR* IS USED:

   a. BY ANY *PERSON* EMPLOYED OR ENGAGED IN ANY WAY IN A *CAR BUSINESS*; OR

   b. IN ANY OTHER BUSINESS OR JOB. This does not apply when the first *person* named in the declarations, his or her *spouse* or any *relative* is operating or *occupying* a private passenger car.

2. WHILE *OCCUPYING* OR THROUGH BEING STRUCK BY ANY MOTOR VEHICLE OR TRAILER:

   a. DESIGNED MAINLY FOR USE OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR

   b. LOCATED FOR USE AS A RESIDENCE OR PREMISES; OR

   c. THAT RUNS ON RAILS OR CRAWLER-TREADS.

3. FOR *BODILY INJURY* DUE TO WAR OF ANY KIND.

4. FOR MEDICAL EXPENSES FOR *BODILY INJURY*:

   a. SUSTAINED WHILE *OCCUPYING* OR THROUGH BEING STRUCK BY A VEHICLE OWNED BY OR LEASED TO *YOU, YOUR SPOUSE,* OR ANY *RELATIVE,* WHICH IS NOT INSURED UNDER THIS COVERAGE; OR

   b. TO THE EXTENT WORKERS' COMPENSATION BENEFITS ARE REQUIRED TO BE PAYABLE; OR

   c. SUSTAINED BY ANY *PERSON,* other than the first *person* named in the declarations, his or her *spouse* or their *relatives,* WHILE *OCCUPYING* A VEHICLE:

      (1) RENTED OR LEASED TO OTHERS; OR

      (2) USED TO CARRY *PERSONS* FOR A CHARGE. This does not apply to a *private passenger car* used on a share expense basis.

## SECTION III — UNINSURED MOTOR VEHICLE — COVERAGE U AND UNINSURED MOTOR VEHICLE PROPERTY DAMAGE — COVERAGE UI

### UNINSURED MOTOR VEHICLE – COVERAGE U

*You* have this coverage if "U" appears in the "Coverages" space on the declarations page.

We will pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle.* The *bodily injury* must be sustained by an *insured* and caused by accident arising out of the operation, maintenance or use of an *uninsured motor vehicle.*

IF THE DAMAGES ARE CAUSED BY AN *UNDERINSURED MOTOR VEHICLE,* THERE IS NO COVERAGE UNTIL:

1. THE LIMITS OF LIABILITY OF ALL BODILY INJURY LIABILITY BONDS AND POLICIES THAT APPLY HAVE BEEN USED UP BY PAYMENT OF JUDGMENTS OR SETTLEMENTS TO OTHER *PERSONS*; OR

2. SUCH LIMITS OF LIABILITY OR REMAINING PART OF THEM HAVE BEEN OFFERED TO THE *INSURED* IN WRITING.

11
9805A

*Uninsured Motor Vehicle* under coverage U – means:

1. a land motor vehicle, the ownership, maintenance or use of which is:

    a. not insured or bonded for bodily injury liability at the time of the accident; or

    b. insured or bonded for bodily injury liability at the time of the accident; but

    (1) the limits of liability are less than required by the financial responsibility act of the state where *your car* is mainly garaged; or

    (2) the insuring company:

    (a) denies coverage;

    (b) refuses to admit coverage except conditionally or with reservation; or

    (c) is or becomes insolvent within one year of the accident; or

2. an *underinsured motor vehicle* as defined; or

3. a "hit-and-run" land motor vehicle whose owner or driver remains unknown and which strikes:

    a. the *insured*; or

    b. the vehicle the *insured* is *occupying*

and causes *bodily injury* to the *insured*.

An *uninsured motor vehicle* under coverage U does not include a land motor vehicle:

1. insured under the liability coverage of this policy;

2. owned or operated by *you, your spouse*, any *relative* or any resident of *your* household;

3. owned or operated by a self-insurer under any motor vehicle financial responsibility law, a motor carrier law or any similar law;

4. owned by any government or any of its political subdivisions or agencies;

5. that is any equipment or vehicle designed or modified for use primarily off public roads, except while actually upon public roads; or

6. while located for use as premises.

*Underinsured Motor Vehicle* – means a land motor vehicle, the ownership, maintenance or use of which is:

1. insured or bonded for bodily injury liability at the time of the accident; but

2. the limits of liability are less than the limits of liability of this coverage.

## Who Is an Insured Under Coverage U

*Insured* – means the *person* or *persons* covered by uninsured motor vehicle coverage.

This is:

1. the first *person* named in the declarations;

2. his or her *spouse*;

3. their *relatives*; and

4. any other *person* while *occupying*:

    a. *your car*, a temporary *substitute car*, a *newly acquired car* or a trailer attached to such a *car*. Such vehicle has to be used within the scope of the consent of *you* or *your spouse*; or

    b. a *car* not owned by or leased to *you, your spouse* or any *relative*, or a trailer attached to such a *car*. It has to be driven by the first *person* named in the declarations or that *person's spouse* and within the scope of the owner's consent.

    Such other *person occupying* a public or livery conveyance is not an *insured*.

5. any *person* entitled to recover damages because of *bodily injury* to an *insured* under 1 through 4 above.

## Deciding Fault and Amount Under Coverage U

Two questions must be decided by agreement between the *insured* and us:

1. Is the *insured* legally entitled to collect damages from the owner or driver of the *uninsured motor vehicle*; and

2. If so, in what amount?

If there is no agreement, upon written request of the *insured* or us, these questions shall be decided by arbitration as provided by section 11580.2 of the California Insurance Code. The *insured's* written request must be sent to us by certified mail, return receipt requested. The arbitration judgment may be filed in any court having jurisdiction. Both parties will share the cost of arbitration equally. Attorney fees and fees for medical and other expert witnesses are not considered costs of arbitration.

12
9805A

We are not bound by any judgment against any *person* or organization obtained without our written consent.

**Payment of Any Amount Due Under Coverage U**

We will pay any amount due:

1. to the *insured*;

2. to a parent or guardian if the *insured* is a minor or an incompetent *person*;

3. to the surviving *spouse*; or

4. at our option, to a *person* authorized by law to receive such payment.

**Limits of Liability Under Coverage U**

1. The amount of coverage is shown on the declarations page under "Limits of Liability – U – Each Person, Each Accident". Under "Each Person" is the amount of coverage for all damages due to *bodily injury* to one *person*. "*Bodily injury*" to one *person* includes all injury and damages to others resulting from this *bodily injury*. Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person", for all damages due to *bodily injury* to two or more *persons* in the same accident.

2. Any amount payable under this coverage shall be reduced by any amount paid or payable to or for the *insured*:

   a. for *bodily injury* under the liability coverage; or

   b. under any workers' compensation, disability benefits, or similar law.

3. Any payment made to a *person* under this coverage shall reduce any amount payable to that *person* under the bodily injury liability coverage.

4. The uninsured motor vehicle coverage shall be excess over and shall not pay again any medical expenses paid under the medical payments coverage.

5. The limits of liability are not increased because:

   a. more than one vehicle is insured under this policy; or

   b. more than one *person* is insured at the time of the accident.

6. If the damages are caused by an *uninsured motor vehicle*, other than an *underinsured motor vehicle*, any amount payable under this

coverage shall be reduced by any amount paid or payable to or for the *insured* by or for any *person* or organization who is or may be held legally liable for the *bodily injury* to the *insured*.

7. If the damages are caused by an *underinsured motor vehicle*, the most we pay will be the lesser of:

   a. the limits of liability of this coverage reduced by the amount paid to the *insured* by or for any *person* or organization who is or may be held legally liable for the *bodily injury*; or

   b. the amount of the *insured's* damages for *bodily injury* reduced by the amount paid to the *insured* by or for any *person* or organization who as or may be held legally liable for the *bodily injury*.

**When Coverage U Does Not Apply**

THERE IS NO COVERAGE:

1. FOR ANY *INSURED* WHO, WITHOUT OUR WRITTEN CONSENT, SETTLES WITH ANY *PERSON* OR ORGANIZATION WHO MAY BE LIABLE FOR THE *BODILY INJURY* AND THEREBY IMPAIRS OUR RIGHT TO RECOVER OUR PAYMENTS. This does not apply to a settlement for damages resulting from *bodily injury* caused by an *underinsured motor vehicle*.

2. FOR *BODILY INJURY* TO AN *INSURED*:

   a. WHILE *OCCUPYING* A *MOTOR VEHICLE*:

      (1) OWNED BY *YOU*, *YOUR SPOUSE* OR ANY *RELATIVE*; OR

      (2) LEASED TO *YOU*, *YOUR SPOUSE* OR ANY *RELATIVE* UNDER A WRITTEN CONTRACT FOR SIX MONTHS OR LONGER.

      This does not apply if the motor vehicle is insured for this coverage under this policy; or

   b. THROUGH BEING STRUCK BY A MOTOR VEHICLE OWNED BY OR LEASED TO *YOU*, *YOUR SPOUSE* OR ANY *RELATIVE*.

3.   TO THE EXTENT BENEFITS:

   a.   ANY WORKERS' COMPENSA-
        TION OR DISABILITY BENEFITS
        INSURANCE COMPANY.

   b.   A SELF-INSURER UNDER ANY
        WORKERS' COMPENSATION OR
        DISABILITY BENEFITS OR SIMI-
        LAR LAW.

   b'.  ANY GOVERNMENTAL BODY OR
        AGENCY.

4.   FOR *BODILY INJURY* TO THE *IN-
     SURED* WHILE *OCCUPYING* A MO-
     TOR VEHICLE RENTED BY OR
     LEASED TO THAT *INSURED* FOR
     PUBLIC OR LIVERY PURPOSES.

**If There Is Other Uninsured Motor Vehicle Cov-
erage**

1.   If uninsured motor vehicle coverage for *bodily
     injury* is available to an *insured* from more
     than one policy provided by us or any other in-
     surer, the total limit of liability available from
     all policies provided by all insurers shall not
     exceed the limit of liability of the single policy
     providing the highest limit of liability. This is
     the most that will be paid regardless of the
     number of policies involved, *persons* covered,
     claims made, vehicles insured, premiums paid
     or vehicles involved in the accident.

2.   Subject to item 1 above, any coverage applica-
     ble under this policy shall apply:

   a.   on a primary basis if the *insured* sustains
        *bodily injury* while *occupying* *your car*, or
        while not *occupying* a motor vehicle or
        trailer.

   b.   on an excess basis if the *insured* sustains
        *bodily injury* while *occupying* a vehicle
        not owned by or leased to *you*, *your
        spouse*, or any *relative*.

3.   Subject to items 1 and 2 above, if this policy
     and one or more other policies provide cover-
     age for *bodily injury*:

   a.   on a primary basis, we are liable only for
        our share. Our share is that percent of the
        damages payable on a primary basis that
        the limit of liability of this policy bears to
        the total of all applicable uninsured motor
        vehicle coverage provided on a primary
        basis.

        The total damages payable from all poli-
        cies that apply on a primary basis shall not

exceed the limit of liability of the single
policy providing the highest limit of li-
ability on a primary basis.

   b.   on an excess basis, we are liable only for
        our share. Our share is that percent of the
        damages payable on an excess basis that
        the limit of liability of this policy bears to
        the total of all applicable uninsured motor
        vehicle coverage provided on an excess
        basis.

        The total damages payable from all poli-
        cies that apply on an excess basis shall not
        exceed the amount by which the limit of
        liability of the single policy providing the
        highest limit of liability on an excess basis
        exceeds the limit of liability of the single
        policy providing the highest limit of li-
        ability on a primary basis.

4.   THIS COVERAGE DOES NOT APPLY IF
     THERE IS OTHER UNINSURED MOTOR
     VEHICLE COVERAGE ON A *NEWLY AC-
     QUIRED CAR.*

**UNINSURED MOTOR VEHICLE PROPERTY
DAMAGE – COVERAGE UI**

*You* have this coverage if "UI" appears in the
"Coverages" space on the declarations page.

The amount of coverage applicable to *your car* is
shown in the provision titled "Limits of Liability
and Settlement of Loss".

We will pay damages for *property damage* you are
legally entitled to collect from the owner or driver
of an *uninsured motor vehicle*. The *property dam-
age* must be caused by accident arising out of the
operation, maintenance or use of an *uninsured
motor vehicle*.

*Property Damage* – means damage to *your car* or a
*newly acquired car*. IT DOES NOT INCLUDE
LOSS OF USE OF SUCH VEHICLE.

*Uninsured motor vehicle* under coverage UI means:

A land motor vehicle, which strikes *your car* or a
*newly acquired car* and the ownership, mainte-
nance or use of which is:

   1.   not insured or bonded for property damage
        liability at the time of the accident; or

   2.   insured or bonded for property damage li-
        ability at the time of the accident, but

      a.   the limit of liability for *property dam-
           age* is less than required by the finan-
           cial responsibility act of the state
           where *your car* is mainly garaged; or

      b.   the insuring company;

14
9805A

(1) denies coverage; or

(2) refuses to admit coverage except conditionally or with reservation; or

(3) is or becomes insolvent.

THERE IS NO COVERAGE IF:

1. THE OWNER OR DRIVER OF THE UN-INSURED MOTOR VEHICLE IS NOT IDENTIFIED; OR

2. THE UNINSURED MOTOR VEHICLE IS NOT IDENTIFIED BY ITS LICENSE NUMBER.

An *uninsured motor vehicle* under coverage UI does not include a land motor vehicle:

1. insured under the liability coverage of this policy;

2. furnished for the regular use of *you, your spouse* or any *relative*;

3. owned or operated by a self-insurer under any motor vehicle financial responsibility law, a motor vehicle carrier law or any similar law;

4. owned by any government or any of its political subdivisions or agencies;

5. that:

   a. operates on crawler-treads or rails; or

   b. is a farm-type, tractor, or equipment designed for use principally off public roads,

   except while actually upon public roads; or

6. while located for use as premises.

Deciding Fault and Amount Under Coverage UI

Two questions must be decided by agreement between *you* and us:

1. Are *you* legally entitled to collect damages for *property damage* from the owner or driver of the *uninsured motor vehicle*; and

2. If so, in what amount?

If there is no agreement, upon written request of *you* or us, these questions must be decided by arbitration as provided by section 11580.26 of California Insurance Code. The arbitration judgment may be filed in any court having jurisdiction. Both parties will share the cost of arbitration equally. Attorney fees and fees for other expert witnesses are not considered costs of arbitration.

We are not bound by any judgment against any *person* or organization obtained without our written consent.

Payment of Any Amount Due Under Coverage UI

We will pay any amount due:

1. to *you*; or

2. at our option, to a *person* authorized by law to receive such payment.

Limits of Liability and Settlement of Loss Under Coverage UI

1. The most we will pay is:

   a. the amount of the deductible if *you* carry coverage G on *your car*;

   b. 20% of the first $250 of the loss which is not payable under coverage F if *you* carry coverage F on *your car*;

   c. the amount of the deductible and 20% of the amount of the loss in excess of such deductible amount if *you* carry coverage GG on *your car*; or

   d. $3500 if *you* do not carry collision coverage on *your car*. Subject to the limit of liability, we have the right to settle with *you* for the *property damage* in one of the following ways:

      (1) pay up to the actual cash value;

      (2) pay to repair or replace the property or a part with like kind and quality. If the repair or replacement results in better than like kind and quality, *you* must pay for the amount of the betterment; or

      (3) take the property at an agreed value; but it cannot be abandoned to us.

   This is the amount of coverage for all *property damage* as the result of one accident

2. Any amount payable under this coverage shall be reduced by any amount paid or payable to or for the *insured*:

   a. by or for any *person* or organization who is or may be held legally liable for the *property damage*; or

   b. under any policy of vehicle liability insurance.

3. The limits of liability are not increased because:

   a. more than one vehicle is insured under this policy; or

   b. more than one *person* is insured at the time of the accident.

15
9805A

**When Coverage UI Does Not Apply**

THERE IS NO COVERAGE IF *YOU* SETTLE WITHOUT OUR WRITTEN CONSENT WITH ANY *PERSON* OR ORGANIZATION WHO MAY BE LIABLE FOR THE *PROPERTY DAMAGE* AND THREBY IMPAIR OUR RIGHT TO RECOVER OUR PAYMENTS.

**If There Is Other Uninsured Motor Vehicle Property Damage Coverage**

If other uninsured motor vehicle property damage coverage applies to *property damage*, we are liable only for our share. Our share is that percent of the damages that the total of liability of this coverage bears to the total of all such coverage that applies to the accident.

# SECTION IV — PHYSICAL DAMAGE COVERAGES

*Loss* – means, when used in this section, each direct and accidental loss of or damage to:

1.  *your car*.

2.  its equipment which is common to the use of *your car* as a vehicle;

3.  clothes and luggage insured; and

4.  a detachable living quarters attached or removed from *your car* for storage. Detachable living quarters includes its body and items securely fixed in place as a permanent part of the body. *You* must have told us about the living quarters before the *loss* and paid any extra premium needed.

*Loss* does not include any reduction in the value of any vehicle or detachable living quarters after it has been repaired, as compared to its value before it was damaged.

**COMPREHENSIVE – COVERAGE D.** *You* have this coverage if "D" appears in the "Coverages" space on the declarations page. If a deductible applies, the amount is shown by the number beside "D".

1.  Loss to Your Car. We will pay for *loss* to *your car* EXCEPT *LOSS* CAUSED BY *COLLISION* but only for the amount of each such *loss* in excess of the deductible amount, if any. If we offer to pay for the repair of damaged windshield instead of the replacement of the windshield and *you* agree to have such repair made, we will pay the full cost of repairing the windshield glass regardless of *your* deductible.

    Breakage of glass, or *loss* due to hitting or being hit by a bird or an animal is payable under this coverage.

2.  We will repay *you* for transportation costs incurred if *your car* is stolen. We will pay up to $25 per day beginning when *you* tell us of the theft and ending when we offer to pay for the *loss*.

    If the daily incurred transportation costs are payable under both Comprehensive Coverage and Car Rental and Travel Expenses Coverage, we will pay only under the one coverage where *you* collect the most. If payments have been made under Car Rental and Travel Expenses Coverage and such payments have either exhausted the total amount payable under Car Rental Expense or reduced the total amount payable under Car Rental Expense to less than $25, then we will pay under Comprehensive Coverage.

**COLLISION – 80% – COVERAGE F.** *You* have this coverage if "F" appears in the "Coverages" space on the declarations page.

We will pay 80% of the first $250 and 100% over that amount of *loss* to *your car* caused by *collision*. If we offer to pay for the repair of damaged windshield glass instead of the replacement of the windshield and *you* agree to have such repair made, we will pay the full cost of repairing the windshield glass regardless of *your* deductible. If the *collision* is with another motor vehicle insured by us, we will pay 100% of the *loss*.

**COLLISION – COVERAGE G.** *You* have this coverage if "G" appears in the "Coverages" space on the declarations page. The deductible amount is shown by the number beside "G".

We will pay for *loss* to *your car* caused by *collision* but only for the amount of each such *loss* in excess

16
9805A

of the deductible amount. If we offer to pay for the repair of damaged windshield glass instead of the replacement of the windshield and *you* agree to have such repair made, we will pay the full cost of repairing the windshield glass regardless of *your* deductible. If the *collision* is with another motor vehicle insured with us, *you* do not pay *your* deductible if it is $100 or less as we pay it.

*Loss* caused by *collision* does not include *loss* due to:

1.   missiles or falling objects;

2.   windstorm or hail;

3.   earthquake, water or flood;

4.   theft or larceny;

5.   malicious mischief or vandalism; or

6.   riot or civil commotion.

*Collision* - means *your car* upset or hit or was hit by a vehicle or other object.

**Clothes and Luggage – Comprehensive and Collision Coverages**

We will pay for *loss* to clothes and luggage owned by the first *person* named in the declarations, his or her *spouse*, and their *relatives*. These items have to be in or on *your car*. *Your car* has to be covered under this policy for:

1.   Comprehensive, and the *loss* caused by fire, lightning, flood, falling objects, explosion, earthquake or theft. If the *loss* is due to theft, *YOUR ENTIRE CAR MUST HAVE BEEN STOLEN*; or

2.   Collision, and the *loss* caused by *collision*.

We will pay up to $200 for *loss* to clothes and luggage in excess of any deductible amount shown for comprehensive or collision. $200 is the most we will pay in any one occurrence even though more than one *person* has a *loss*. This coverage is excess over any other coverage.

**Limit of Liability – Comprehensive and Collision Coverages**

The limit of our liability for *loss* to property or any part of it is the lower of:

1.   the actual cash value; or

2.   the cost of repair or replacement. The cost of repair or replacement does not include any reduction in the value of the property after it has been repaired, as compared to its value before it was damaged.

*Actual cash value* is determined by the market value, age and condition at the time the *loss* occurred. Any deductible amount that applies is then subtracted.

17
9805A

The cost of repair or replacement is based upon one of the following:

1.   the cost of repair or replacement agreed upon by *you* and us;

2.   a competitive bid approved by us; or

3.   an estimate written based upon the prevailing competitive price. The prevailing competitive price means prices charged by a majority of the repair market in the area where the *car* is to be repaired as determined by a survey made by us. If *you* ask, we will identify some facilities that will perform the repairs at the prevailing competitive price. We will include in the estimate parts sufficient to restore the vehicle to its pre-loss condition. *You* agree with us that such parts may include either parts furnished by the vehicle's manufacturer or parts from other sources including non-original equipment manufacturers.

Any deductible amount that applies is then subtracted.

**Settlement of Loss – Comprehensive and Collision Coverages**

We have the right to settle a *loss* with *you* or the owner of the property in one of the following ways:

1.   pay the agreed upon actual cash value of the property at the time of the *loss* in exchange for the damaged property. If the owner and we cannot agree on the actual cash value, either party may demand an appraisal as described below. If the owner keeps the damaged property, we will deduct its value after the *loss* from our payment. The damaged property cannot be abandoned to us;

2.   pay to:

     a.   repair the damaged property or part, or

     b.   replace the property or part.

     If the repair or replacement results in betterment, *you* must pay for the amount of betterment; or

3.   return the stolen property and pay for any damage due to the theft.

Appraisal under item 1 above shall be conducted according to the following procedure. Each party shall select an appraiser. These two shall select a third appraiser. The written decision of any two appraisers shall be binding. The cost of the appraiser shall be paid by the party who hired him or her. The cost of the third appraiser and other appraisal expenses

shall be shared equally by both parties. We do not waive any of our rights by agreeing to an appraisal. If *you* give us *your* consent, we may move the damaged property, at our expense, to reduce storage costs during the appraisal process. If *you* do not give us *your* consent, we will pay only the storage costs, which would have resulted if we had moved the damaged property.

The Settlement of Loss provision for comprehensive and collision coverages incorporates the Limit of Liability provision of those coverages.

If we can pay the *loss* under either comprehensive or collision, we will pay under the coverage where *you* collect the most.

When there is *loss* to *your car*, clothes and luggage in the same occurrence, any deductible will be applied first to the *loss* to *your car*. *You* pay only one deductible.

## EMERGENCY ROAD SERVICE – COVERAGE H. *You* have this coverage if "H" appears in the "Coverages" space on the declarations page.

We will pay the fair cost *you* incur for *your car* for:

1. mechanical labor up to one hour at the place of its breakdown;

2. towing to the nearest place where the necessary repairs can be made during regular business hours if it will not run;

3. towing it out if it is stuck on or immediately next to a public highway;

4. delivery of gas, oil, battery or tire. WE DO NOT PAY THE COST OF THE GAS, OIL, BATTERY OR TIRE;

5. locksmith services, up to one hour, to open *your car* if *your* key is lost, stolen or locked inside *your car*. We will pay only the cost of labor.

## CAR RENTAL EXPENSE – COVERAGE R. *You* have this coverage if "R" appears in the "Coverages" space on the declarations page.

We will repay *you* up to $10 per day when *you* rent a *car* from a car rental agency or garage due to a *loss* to *your car* which would be payable under coverage D, F or G, starting:

1. when it cannot run due to the *loss*; or

2. if it can run, when *you* leave it at the shop for agreed repairs;

and ending when:

1. it has been repaired or replaced, or

2. we offer to pay for the *loss*; or

3. *you* incur 30 days rent,

whichever comes first.

If the incurred daily rental charge is payable under both Comprehensive Coverage and Car Rental Expense Coverage, we will pay only under the one coverage where *you* collect the most.

## CAR RENTAL AND TRAVEL EXPENSES – COVERAGE R1. *You* have this coverage if "R1" appears in the "Coverages" space on the declarations page.

1. Car Rental Expense.

   a. If:

      (1) a dollar amount is shown under "Limits of Liability – Car Rental Expense, Each Day" on the declarations page, we will pay *you* the daily rental charge up to that dollar amount; or

      (2) a percentage amount is shown under "Limits of Liability – Car Rental Expense, Each Day" on the declarations page, we will pay *you* that percentage of the daily rental charge

      when *you* rent a *car* from a car rental agency, or *car business*. "Daily rental charge" means the daily rental rate plus charges for mileage and related taxes.

      If *you* choose not to rent a *car*, we will pay *you* $10 for each complete 24 hour period that *your car* is not drivable. *You* must report to us the period of time that *your car* was not drivable.

      We will pay only if *your car* is not drivable because of a *loss* which would be payable under coverage D, F or G.

   b. Payment will be made for a period that:

      (1) starts:

         (a) when *your car* is not drivable due to the *loss*; or

         (b) if *your car* is drivable, when *you* leave it at the shop for agreed repairs; and

18
9805A

(2) ends:

  (a) when *your car* has been repaired or replaced; or

  (b) when we offer to pay for the *loss*, if *your car* is repairable but *you* choose to delay repairs; or

  (c) five days after we offer to pay for the *loss* if:

    (i) *your car* was stolen and not recovered; or

    (ii) we declare that *your car* is a total *loss*;

  whichever comes first.

If the incurred daily rental charge is payable under both Comprehensive Coverage and Car Rental and Travel Expenses Coverage, we will pay only under the one coverage where *you* collect the most.

2. Travel Expenses. If *your car* is not drivable due to a *loss* which occurs more than 50 miles from home and which would be payable under coverage D, F or G, we will pay *you* for expenses incurred by *you, your spouse* and any *relative* for:

  a. commercial transportation fares to continue to *your* destination or home;

  b. extra meals and lodging needed when the *loss* to *your car* causes a delay enroute. The expenses must be incurred between the time of the *loss* and *your* arrival at *your* destination or home or by the end of the fifth day, whichever occurs first; and

  c. meals, lodging and commercial transportation fares incurred by *you* or a *person you* choose to drive *your car* from the place of repair to *your* destination or home.

3. Rental Car – Repayment of Deductible Amount Expense. We will pay the expense of any deductible amount *you* are required to pay the owner under comprehensive or collision coverage in effect on a substitute *car* rented from a *car* rental agency or *car business*.

**Total Amount of Expenses Payable – Coverage R1**

1. The most we will pay for Car Rental Expense incurred in any one occurrence is shown on the declarations page under "Limits of Liability – Car Rental Expense, Each Occurrence".

2. The most we will pay for Travel Expenses incurred by all *persons* in any one occurrence is $400.

3. The most we will pay for Rental Car – Repayment of Deductible Amount Expense incurred in any one occurrence is $400.

**Trailer Coverage**

1. Owned Trailer

  *Your* trailer is covered:

  a. when it is described on the declarations page of the policy; and

  b. for the coverages shown as applying to it.

2. Non-Owned Trailer or Detachable Living Quarters

Any physical damage coverage in force on *your car* applies to a non-owned:

  a. trailer, if it is designed for use with a *private passenger car*; or

  b. detachable living quarters unit

used by the first *person* named in the declarations, his or her *spouse* or their *relatives*.

The most we will pay under the comprehensive or collision coverage for a *loss* to such non-owned trailer or unit is $2500.

A non-owned trailer or detachable living quarters unit is one that:

  a. is not owned by or registered in the name of:

    (1) *you, your spouse*, any *relative*;

    (2) any other *person* residing in the same household as *you, your spouse* or any *relative*; or

    (3) an employer of *you, your spouse* or any *relative*; and

  b. has not been used or rented by or in the possession of *you, your spouse* or any *relative* during any part of each of the last 21 or more consecutive days. If *you* are insured by one or more other car policies issued by us, the 21 day limit is increased by an additional 21 days for each such additional policy.

**Coverage for the Use of Other Cars**

The coverages in this section *you* have on *your car* extend to a *loss* to a *newly acquired car*, a *temporary substitute car* or a *non-owned car*. These coverages extend to a *non-owned car* while it is driven by or in the custody of an *insured*.

19
9805A

*Insured* – as used in this provision means:

1. the first *person* named in the declarations;
2. his or her *spouse*; or
3. their *relatives*.

**When the Physical Damage Coverages Do Not Apply**

THERE IS NO COVERAGE FOR:

1. A *NON-OWNED CAR*:

   a. IF THE DECLARATIONS STATE THE "USE" OF *YOUR CAR* IS OTHER THAN "PLEASURE AND BUSINESS";

   b. WHILE BEING REPAIRED, SERV-ICED OR USED BY ANY *PERSON* WHILE THAT *PERSON* IS WORK-ING IN ANY *CAR BUSINESS*; OR

   c. WHILE USED IN ANY OTHER BUSINESS OR OCCUPATION. This does not apply to a *private passenger car* driven or *occupied* by the first *person* named in the declarations, his or her *spouse* or their *relatives*.

2. ANY VEHICLE WHILE:

   a. RENTED OR LEASED TO OTH-ERS; OR

   b. USED TO CARRY *PERSONS* FOR A CHARGE. This does not apply to the use on a share expense basis.

3. *LOSS* TO ANY VEHICLE DUE TO:

   a. TAKING BY ANY GOVERNMEN-TAL AUTHORITY;

   b. WAR OF ANY KIND;

   c. AND LIMITED TO WEAR AND TEAR, FREEZING, MECHANICAL OR ELECTRICAL BREAKDOWN OR FAILURE. This does not apply when the *loss* is the result of a theft covered by this policy. Nor does it apply to emergency road service; OR

   d. CONVERSION, EMBEZZLEMENT OR SECRETION BY ANY *PER-SON* WHO HAS THE VEHICLE DUE TO ANY LIEN, RENTAL, LEASE OR SALES AGREEMENT.

4. TIRES unless:

   a. stolen, or damaged by fire or van-dalism; or

   b. other *loss* covered by this section hap-pens at the same time.

5. TAPES OR DISCS FOR RECORDING OR REPRODUCING SOUND.

6. ANY LASER OR RADAR DETECTOR.

7. *YOUR CAR* WHILE SUBJECT TO ANY LIEN, LEASE OR SALES AGREEMENT NOT SHOWN IN THE DECLARATIONS.

**If There Is Other Coverage**

1. Policies Issued by Us to You, Your Spouse or Any Relative

   If two or more vehicle policies issued by us to *you*, *your spouse* or any *relative* apply to the same *loss* or occurrence, we will pay under the policy with the highest limit.

2. Coverage Available From Other Sources

   Subject to item 1, if other coverage applies to the *loss* or expenses, we will pay only our share. Our share is that percent the limit of li-ability of this policy bears to the total of all coverage that applies.

3. Temporary Substitute Car, Non-Owned Car or Trailer

   Subject to items 1 and 2, if a *temporary sub-stitute car*, a *non-owned car* or trailer designed for use with a *private passenger car* has other coverage on it, then this coverage is excess

4. Newly Acquired Car

   THIS INSURANCE DOES NOT APPLY IF THERE IS SIMILAR COVERAGE ON A *NEWLY ACQUIRED CAR*.

**No Benefit to Bailee**

These coverages shall not benefit any carrier or other bailee for hire liable for *loss*.

## SECTION V — DEATH, DISMEMBERMENT AND LOSS OF SIGHT — COVERAGE S, TOTAL DISABILITY — COVERAGE T AND LOSS OF EARNINGS — COVERAGE Z

### DEATH, DISMEMBERMENT AND LOSS OF SIGHT – COVERAGE S

If "S" is shown in the "Coverages" space on the declarations page each *insured* has the coverage.

We will pay the amount shown in the schedule that applies for death, or *loss*, caused by accident. The *insured* has to be *occupying* or be struck by a land motor vehicle or trailer. The death or *loss* must be the direct result of the accident and not due to any other cause. The death or *loss* must occur within 90 days of the accident.

*Insured* – means a *person* listed under "Persons Insured - Coverage S" on the declarations page.

*Loss* – means the loss of:

1.  the foot or hand, cut off through or above the ankle or wrist; or
2.  the whole thumb or finger; or
3.  all sight.

### The Most We Pay

The most we will pay because of the death of, or *loss* to, the *insured*, except as provided below, is shown under "Amount" next to his or her name on the declarations page.

The amount shown in the schedule for death or *loss* is doubled for an *insured* who, at the time of the accident, is using the vehicle's complete restraint system as recommended by the vehicle's manufacturer.

If the *insured* dies as a result of this accident, any payment made or due for *loss* reduces the amount of the death payment.

### SCHEDULE

| | If amount under S in the declarations is: | |
|---|---|---|
| | $5,000 | $10,000 |
| Death | $5,000 | $10,000 |
| *Loss* of: | | |
| hands; feet; sight of eyes; one hand & one foot, or one hand or one foot & sight of one eye | 5,000 | 10,000 |
| one hand or one foot, or sight of one eye | 2,500 | 5,000 |
| thumb & finger on one hand; or three fingers | 1,500 | 3,000 |
| any two fingers | 1,000 | 2,000 |

### Payment of Any Amount Due

We will pay any amount due:

1.  to the *insured*;
2.  to a parent or guardian if the *insured* is a minor or an incompetent *person*;
3.  to the surviving *spouse*; or
4.  at our option, to any *person* or organization authorized by law to receive such payment.

Any payment made is to its extent a complete discharge of our obligations. We are not responsible for the way the money is used.

### Autopsy

We have the right to have an autopsy made where it is not forbidden by law.

### TOTAL DISABILITY – COVERAGE T

If "T" is shown in the "Coverages" space on the declarations page each *insured* has the coverage.

We will pay the *insured weekly indemnity* because of his or her continuous *total disability*. The *total disability* must:

1.  result directly and independently of all other causes from *bodily injury* caused by accident, while *occupying* or through being struck by a land motor vehicle or trailer;
2.  start within 20 days from the date of the accident; and
3.  be for seven or more consecutive days.

*Insured* – means a *person* shown under "Persons Insured - Coverage T" on the declarations page

*Total Disability* – under coverage T means:

1.  during the first year from the start of the *insured's* disability, the *insured* is continuously unable to work in his or her occupation; and
2.  after the first year, the *insured* is continuously unable to work in a gainful occupation for which he or she is reasonably fitted by education, training or experience.

21
9805A

*Weekly Indemnity* – means the amount we pay for each week the *insured* sustains *total disability*. It is the lower of:

1. the amount shown on the declarations page for the *insured*, or
2. two-thirds of the *insured's* average weekly earnings on the date of the accident. Average weekly earnings is the *insured's* total earnings for the 52 weeks just prior to the date of the accident, divided by 52.

### Limits of Liability

The maximum number of weeks for which we will pay *weekly indemnity* to an *insured* is 260 weeks of continuous *total disability* due to one accident.

### Payment of Any Amount Due

Subject to proof of continued *total disability*, when we ask for it, *weekly indemnity* is payable to an *insured* every four weeks.

### Death During Total Disability

The time limitation for death under coverage S, when an *insured* under both coverages S and T sustains death during a period of continuous *total disability*, is extended to one year from the date of accident.

### If There Is Other Coverage

If an *insured* is also an *insured* under Total Disability – Coverage T of another policy issued by us, then the amount payable under this coverage is reduced to the extent of any amount paid under the other policy. We will return premium paid for such duplication of benefits.

### LOSS OF EARNINGS – COVERAGE Z

If "Z" is shown in the "Coverages" space on the declarations page each *insured* has the coverage.

We will pay the *insured* 85% of his or her loss of *weekly earnings*. The loss has to be due to continuous *total disability* that is:

1. the direct result of *bodily injury* caused by accident; and
2. sustained while *occupying* or through being struck by a land motor vehicle or trailer.

### When Total Disability Applies

The *insured's* total disability must be for a period of at least 30 consecutive days starting within 30 days after the accident. We will not pay for the first seven days of the 30-day period.

Payments owed will be paid every two weeks. Proof of continued *total disability* must be given to us when we ask for it.

### Limits of Liability

We will pay up to $250 for each full work week of *total disability* and pro rata for less than a week. Subject to the limit per week, we will pay up to $15,000 total for all loss of earnings due to any one accident.

*Insured* – means a *person* shown under "Persons Insured – Coverage Z" on the declarations page.

*Total Disability* – under coverage Z means the *insured*, while living, is not able to do the usual work or any other work for which he or she is reasonably fitted by education, training or experience.

*Weekly Earnings* – means all earnings for the *insured's* services before any deductions. When *weekly earnings* cannot be determined on a weekly basis an average will be used. The average is the total earnings for the 52 weeks just prior to the accident divided by 52.

### When Coverages S, T and Z Do Not Apply

THESE COVERAGES DO NOT APPLY TO:

1. AN *INSURED* WHILE ON THE JOB, OPERATING, *OCCUPYING*, LOADING OR UNLOADING:
   a. AN EMERGENCY VEHICLE; OR
   b. A VEHICLE USED IN THE *INSURED'S* BUSINESS OR JOB.

   But 1.b. does not apply if the vehicle is:
   (1) a *private passenger car* or school bus, or
   (2) of the pickup or van type, with a Gross Vehicle Weight of 10,000 pounds or less, while not used for delivery.

2. AN *INSURED* WHILE:
   a. ON THE JOB IN ANY *CAR BUSINESS*; OR
   b. *OCCUPYING* ANY:
      (1) VEHICLE WHILE BEING USED IN A RACE; OR
      (2) MILITARY VEHICLE.

22
9805A

3. AN *INSURED* WHILE *OCCUPYING* OR THROUGH BEING STRUCK BY A MOTOR VEHICLE OR TRAILER:

    a. THAT RUNS ON RAILS OR CRAWLER-TREADS;

    b. DESIGNED FOR USE MAINLY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS, OR

    c. LOCATED FOR USE AS PREMISES.

4. THE DEATH OF, *LOSS* TO OR *TOTAL DISABILITY* OF AN *INSURED* DUE TO:

    a. *DISEASE* except pus forming infection due to *bodily injury* received in the accident; or

    b. SUICIDE OR ATTEMPTED SUICIDE WHILE SANE OR INSANE, OR

    c. WAR OF ANY KIND.

## CONDITIONS

**1. Policy Changes**

    a. Policy Terms. The terms of this policy may be changed or waived only by:

        (1) an endorsement issued by us; or

        (2) the revision of this policy form to give broader coverage without an extra charge. If any coverage *you* carry is changed to give broader coverage, we will give *you* the broader coverage without the issuance of a new policy as of the date we make the change effective.

    b. Change of Interest. No change of interest in this policy is effective unless we consent in writing. However, if *you* die, we will protect as named insured, except under death, dismemberment and loss of sight, total disability and loss of earnings coverages:

        (1) *your* surviving *spouse*;

        (2) any *person* with proper custody of *your car*, a *newly acquired car* or a *temporary substitute car* until a legal representative is qualified; and then

        (3) the legal representative while acting within the scope of his or her duties.

    Policy notice requirements are met by mailing the notice to the deceased named insured's last known address.

    c. Consent of Beneficiary. Consent of the beneficiary under death, dismemberment and loss of sight coverage is not needed to cancel or change the policy.

    d. Joint and Individual Interests. When there are two or more named insureds, each acts for all to cancel or change the policy.

**2. Suit Against Us**

There is no right of action against us:

    a. until all the terms of this policy have been met; and

    b. under the liability coverage, until the amount of damages an *insured* is legally liable to pay has been finally determined by:

        (1) judgment after actual trial, and appeal if any; or

        (2) agreement between the *insured*, the claimant and us.

        If a judgment is secured against the *insured* or his or her estate based on a *bodily injury*, death or property damage claim covered by this policy, a suit may be brought against us under this policy by a judgment creditor.

        Bankruptcy or insolvency of the *insured* or his or her estate shall not relieve us of our obligations.

    c. under uninsured motor vehicle, medical payments, any physical damage, death, dismemberment and loss of sight, total disability and loss of earnings coverages, until 30 days after we get the *insured's* notice of accident or *loss*.

    d. under uninsured motor vehicle coverage unless within one year from the date of the accident:

        (1) suit for *bodily injury* has been filed in the proper court against the uninsured motorist; or

        (2) an agreement as to the amount due under this coverage has been made; or

23
9805A

(1) the *insured* or his or her representative has formally started arbitration proceedings by making a written request, sent to us by certified mail, return receipt requested.

If a suit has been filed against the uninsured motorist, written notice of the suit must be given to us within a reasonable time after the *insured* knew or should have known that the motorist was uninsured; but we may not require that this notice be given earlier than one year from the date of the accrual of the cause of action on which the claim is based.

This provision does not limit a right of action resulting from *bodily injury* caused by an *underinsured motor vehicle*.

3.  Our Right to Recover Our Payments

    a.  Death, dismemberment and loss of sight, total disability and loss of earnings coverage payments are not recoverable by us.

    b.  Under uninsured motor vehicle coverage, if the damages are caused by an *uninsured motor vehicle*, other than an *underinsured motor vehicle*:

        (1) we are subrogated to the extent of our payment to the proceeds of any settlement the injured *person* recovers from any party liable for the *bodily injury*.

        (2) if the *person* to or for whom we have made payment has not recovered from any party at fault, he or she shall:

            (a) keep these rights in trust for us;

            (b) execute any legal papers we need; and

            (c) when we ask, take action through our representative to recover our payments.

        We are to be repaid our payments, costs and fees of collection out of any recovery.

    c.  Under uninsured motor vehicle coverage, if the damages are caused by an *underinsured motor vehicle*:

        (1) we are entitled to the extent of our payments, to the proceeds of any settlement the *insured* recovers from any party liable for the *bodily injury*, other than payments from bodily injury liability bonds or policies made prior to our payment.

        (2) If the *insured* has not been fully compensated for the *bodily injury* by the party at fault and we make payment for the *bodily injury*, the *insured* shall:

            (a) keep these rights in trust for us;

            (b) execute any legal papers we need; and

            (c) when we ask, take action through our representative to recover the amount of our payments.

        We are to be repaid our payments, costs and fees of collection out of any such recovery.

    d.  Under uninsured motor vehicle property damage coverage:

        (1) we are subrogated to the extent of our payments to the proceeds of any settlement *you* recover from any party liable for the *property damage*.

        (2) if *you* or the *person* to or for whom we have made payment has not recovered from the party at fault, he or she shall:

            (a) keep these rights in trust for us;

            (b) execute any legal papers we need; and

            (c) when we ask, take action through our representative to recover our payments.

        We are to be repaid our payments, costs and fees of collection out of any recovery.

    e.  Under all other coverages, and except as provided for within the medical payments coverage, the right of recovery of any party we pay passes to us. Such party shall:

        (1) not hurt our rights to recover; and

        (2) help us get our money back.

4.  Cancellation

    How You May Cancel. *You* may cancel *your* policy by notifying us in writing of the date to cancel, which must be later than the date *you* mail or deliver it to us. We may waive these requirements by confirming the date and time of cancellation to *you* in writing.

    How and When We Cancel. We may cancel *your* policy by written notice, mailed or delivered to *your* last known address. The notice shall give the date cancellation is effective.

24
9805A

If we mail or deliver a no... of cancellation to *you* during the first 59 days following the policy effective date, the cancellation notice will be mailed or delivered to *you* at least 10 days before the cancellation effective date.

After the policy has been in force for more than 59 days, any notice of cancellation will be mailed or delivered to *you* at least:

a.  10 days before the cancellation effective date if the cancellation is because *you* did not pay the premium; or

b.  20 days before the cancellation effective date if the cancellation is because of any other reason as allowed by statute.

The mailing of the notice shall be sufficient proof of notice.

Unless we mail or deliver a notice of cancellation to *you* within 59 days of the policy effective date, we will not cancel *your* policy before the end of the current policy period unless:

a   *you* fail to pay the premium when due; or

b   *you*, *your spouse*, any *relative* or any other *person* who usually drives *your car* has had his or her driver's license under:

   (1)  suspension, if such suspension is not removed prior to the date cancellation becomes effective and is based on a reason other than our failure to make a filing required by the California Insurance or Vehicle Codes, if a request for such a filing was made by an insured; or

   (2)  revocation, for any reason other than an insurer's failure to make a filing required by the California Insurance Code, during the policy period or, if the policy is a renewal, during the policy period or the 180 days immediately preceding its effective date.

Return of Unearned Premium. If *you* cancel, premium may be earned on a short rate basis. If we cancel, premium will be earned on a pro-rata basis. Any unearned premium may be returned at the time we cancel or within a reasonable time thereafter. Delay in the return of unearned premium does not affect the cancellation.

5.  Renewal

Unless we mail or deliver to *you* a notice of cancellation or a notice of our intention not to renew the policy, we agree to renew the policy for the next policy period upon *your* payment of the renewal premium when due. It is agreed that the renewal premium will be based upon the rates in effect, the coverages carried, the applicable limits of ... bility, deductibles and other elements that affect the premium that apply at the time of renewal.

Other elements that may affect *your* premium include, but are not limited to:

a.  drivers of *your car* and their ages and marital status;

b.  *your car* and its use;

c.  eligibility for discounts or other premium credits;

d.  applicability of a surcharge based either on accident history, or on other factors.

A notice of our intention to not renew will be mailed or delivered to *your* last known address at least 30 days before the end of the current policy period. The mailing of it shall be sufficient proof of notice.

6.  Premium

The premium for this policy may vary based upon the purchase of other insurance from one of the State Farm affiliated companies.

The premium for this policy is based on information State Farm has received from *you* or other sources. If the information is incorrect or incomplete, or changes during the policy period, *you* must inform State Farm of any changes regarding the following:

a.  *your car*, or its use, including annual mileage;

b.  the *persons* who regularly drive *your car*, including newly licensed family members;

c   *your* marital status; or

d.  the location where *your car* is principally garaged.

*You* agree that if this information or any other information used to determine the premium is incorrect or incomplete, or changes during the policy period, we may decrease or increase the premium during the policy period based upon the corrected, completed or changed information. *You* agree that if the premium is decreased or increased during the policy period, State Farm will refund or credit to *you* any decrease in premium and *you* will pay for any increase in premium.

7.  Concealment or Fraud

There is no coverage under this policy if *you* or any other *person* insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

## MUTUAL CONDITIONS N F)

1. **Membership.** While this policy is in force, the first insured named in the declarations is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may declare in accordance with reasonable classifications and groupings of policyholders established by such Board.

2. **No Contingent Liability.** This policy is nonassessable.

3. **Annual Meeting.** The annual meeting of the members of the company shall be held at its home office at Bloomington, Illinois, on the second Monday of June at the hour of 10:00 A.M., unless the Board of Directors shall elect to change the time and place of such meeting, in which case, but not otherwise, due notice shall be mailed each member at the address disclosed in this policy at least 10 days prior thereto.

In Witness Whereof, the State Farm Mutual Automobile Insurance Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois.

SECRETARY

PRESIDENT

## WHAT IT IS AND WHERE YOU CAN FI.    IT — THE INDEX

PAGE NO.

4  Reporting a Claim — Insured's Duties — What to do if *you* have an accident, claim or are sued.

2  Defined Words

3  Declarations Continued

4  When and Where Your Coverage Applies

4  Financed Vehicles -- Coverage for Creditor

Coverages

6  A — Liability — When there is damage to others.

9  C — Medical Payments — When there are medical and funeral expenses.

11  U — Uninsured Motor Vehicle — When the other car or driver is not insured or is underinsured and there is *bodily injury* to an *insured*.

14  U1 — Uninsured Motor Vehicle Property Damage — When the other car or driver is not insured and there is *property damage*.

16  D — Comprehensive — When *your car* is damaged except by collision or upset. Any deductible amount is shown by the number beside "D" on the declarations page.

16  F — Collision — 80% — When *your car* is damaged by collision or upset.

16  G — Collision — When *your car* is damaged by collision or upset. The deductible is shown by the number beside "G" on the declarations page.

18  H — Emergency Road Service — When *your car* breaks down or needs a tow.

18  R — Car Rental Expense — When *you* need to rent a *car* because of damage to *your car*.

18  R1 — Car Rental and Travel Expenses — When *you* need to rent a *car* and pay extra travel expenses because of damage to *your car*.

21  S — Death, Dismemberment and Loss of Sight — Pays for death of or certain injuries to *persons* named.

21  T — Total Disability — Pays *weekly indemnity* to *persons* named.

22  Z — Loss of Earnings — Pays loss of *weekly earnings* to *persons* named.

Conditions

23  1.  Policy Changes

23  2.  Suit Against Us

24  3.  Our Right To Recover Our Payments

24  4.  Cancellation

25  5.  Renewal

25  6.  Premium

25  7.  Concealment or Fraud

26  Mutual Conditions

Policy Form 9805A