# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO CHING, an individual on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO. CV 09-2613 MMC (EDL)<br><br>**DISCOVERY MATTER**<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Hearing<br>Date: January 26, 2010<br>Time: 2:00 p.m.<br>Courtroom: E, 15th Floor<br>Hon. Elizabeth D. Laporte |

The court has read and considered all the briefing filed with respect to Plaintiff's Motion to Compel Production of Documents, as well as the arguments of counsel. Good cause being shown, **IT IS ORDERED THAT:**

1. Plaintiff's Motion to Compel Production of Documents is granted in part, and denied in part, to the extent set forth in this Order.

2. Defendant shall supplement its response to state that it will produce documents responsive to Plaintiff's Request for Production of Documents No. 1 that relate to the language, "**When Someone May Be Legally Liable For The Bodily Injury.** If the *person* to or for whom we make payment recovers proceeds from any party liable for the *bodily injury*," as contained in

the reimbursement provision of "Section II – Medical Payments – Coverage C" of Defendant's California Car Policy, if any such documents exist, but this production shall be limited to California documents from January 26, 2005 to the present.

3. Defendant shall supplement its response to state that it will produce documents in the public record responsive to Plaintiff's Request for Production of Documents No. 2 that relate to a dispute regarding the language "**When Someone May Be Legally Liable For The Bodily Injury.** If the *person* to or for whom we make payment recovers proceeds from any party liable for the *bodily injury*," as contained in the reimbursement provision of "Section II – Medical Payments – Coverage C" of Defendant's California Car Policy, if any such documents exist, but this production shall be limited to documents filed in California from January 26, 2005 to the present.

4. Defendant shall supplement its response to state that it will produce additional documents responsive to Plaintiff's Request for Production of Documents No. 4, if any such documents exist, but this production shall be limited to California documents from January 26, 2005 to the present.

5. Defendant shall supplement its response to state that, after the entry of a protective order, it will produce documents responsive to Plaintiff's Request for Production of Documents No. 6 that relate to the drafting history of the language "**When Someone May Be Legally Liable For The Bodily Injury.** If the *person* to or for whom we make payment recovers proceeds from any party liable for the *bodily injury*," as contained in the reimbursement provision of "Section II – Medical Payments – Coverage C" of Defendant's California Car Policy, if any such documents exist.

6. Defendant shall supplement its response to state that, after the entry of a protective order, it will produce documents responsive to Plaintiff's Request for Production of Documents No. 9 that relate to the language "**When Someone May Be Legally Liable For The Bodily Injury.** If the *person* to or for whom we make payment recovers proceeds from any party liable for the *bodily injury*," as contained in the reimbursement provision of "Section II – Medical Payments – Coverage C" of Defendant's California Car Policy, if any such documents

1  exist, but this production shall be limited to California documents from January 26, 2005 to the
2  present.

3       7.     Defendant shall supplement its response to state that, after the entry of a
4  protective order, defendant will produce documents responsive to Plaintiff's Request for
5  Production of Documents No. 10 that relate to the language "**When Someone May Be Legally**
6  **Liable For The Bodily Injury.** If the *person* to or for whom we make payment recovers
7  proceeds from any party liable for the *bodily injury*," as contained in the reimbursement
8  provision of "Section II – Medical Payments – Coverage C" of Defendant's California Car
9  Policy, to the extent any such documents exist, but this production shall be limited to California
10 documents from January 26, 2005 to the present.

11       8.     Plaintiff's request to compel further responses and the production of documents
12 responsive to Plaintiff's Requests for Production of Documents Nos. 11, 12, and 13 is denied.

13       9.     To the extent Defendant claims that it has no documents responsive to a particular
14 request, as limited by the Court, it shall state that in its supplemental responses.

15      10.    Defendant shall respond to Plaintiff's Requests of Production of Documents no
16 later than fourteen days from the date of entry of this Order and produce any responsive
17 documents other than those responsive to Plaintiff's Requests for Production Nos. 6, 9, and 10,
18 which, if any exist, will be produced after the entry of a protective order.

19      11.    If a protective order has not been entered by the Court by the date Defendant is to
20 respond to Plaintiff's Requests for Production of Documents, Defendant shall prepare and serve
21 a "privilege log" (Fed. R. Civ. P. 26(b)(5)) setting forth the privilege relied upon and specifying
22 separately for each document or for each category of similarly situated documents:

23          a.    The name and job title or capacity of the author;
24          b.    The name and job title or capacity of each recipient;
25          c.    The date the document was prepared and, if different, the date(s) on which it
26               was sent to or shared with persons other than its author(s);
27          d.    The title and description of the document;
28          e.    The subject matter addressed in the document;

**ORDER RE: PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (CV 09-2613 MMC (EDL))**

  f. The purpose(s) for which it was prepared or communicated; and

  g. The specific basis for the claim that it is privileged.

The privilege log shall be served on the same day as Defendant's responses.

**IT IS SO ORDERED.**

Dated: _____February 1, 2010\_\_\_\_\_, 2010 By: *Elizabeth D. Laporte*
              Hon. Elizabeth D. Laporte
              United States Magistrate Judge