1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARTURO CHING,

       Plaintiff,

  v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Defendant.
_____/

No. C-09-2613 MMC

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
ON ALL REMAINING CAUSES OF
ACTION; DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

     The cross-motions of plaintiff Arturo Ching ("Ching") and defendant State Farm
Mutual Automobile Insurance Company ("State Farm") for summary judgment on the
remaining claims in plaintiff's complaint, specifically, plaintiff's Second (Violation of
Business & Professions Code § 17200 ("UCL")) and Third (Declaratory Relief) Causes of
Action, came on regularly for hearing before this Court on September 17, 2010.
Richard L. Kellner of Kabateck Brown Kellner LLP appeared on behalf of plaintiff; Kevin J.
Dunne of Sedgwick, Detert, Moran & Arnold LLP appeared on behalf of defendant.

     After full consideration of the parties' papers, the declarations and the documentary
evidence submitted, and the oral argument of counsel, the Court, as set forth below, and
for the reasons stated on the record at the hearing, finds no genuine issue of material fact
exists as to plaintiff's remaining claims and that State Farm is entitled to judgment thereon
as a matter of law.

**DISCUSSION**

Contrary to plaintiff's argument, the medical payment ("med-pay") reimbursement provision[1] contained in State Farm's policy is unambiguous and entitles State Farm to reimbursement of sums paid by State Farm for its insured's medical expenses, once its insured recovers proceeds, whether by settlement, judgment, or other means, from any person or entity liable for the insured's bodily injury.[2]

In particular, the Court finds the word "liable," as used in the policy and in its "ordinary and popular sense," see Bank of the West v. Superior Court, 2 Cal.4th 1254, 1265 (1992), means "legally responsible" or "legally obligated." See, e.g., Merriam Webster's Collegiate Dictionary 715-16 (11th ed. 2003) (defining "liable" as "obligated according to law or equity: Responsible"); American Heritage Dictionary of the English Language 1008 (4th ed. 2000) (defining "liable" as "legally obligated; responsible").

Contrary to plaintiff's argument, the word "liable" does not imply the need for a finding of liability by a court of law or, alternatively, an admission of liability by the third party.  See Megonnell v. United Services Automobile Assn., 368 Md. 633, 645 (2002) (holding "[t]he term 'legally liable' . . . depends not upon when, and if, a judicial determination is made, but, generally, upon the creation of circumstances by and/or between parties, whereby the parties, or one or the other of them, can enforce rights through legal process"; noting "[p]arties often become legally obligated (liable) . . . by committing tortious acts").

Further, the undisputed evidence demonstrates Ching recovered proceeds from a party liable for his bodily injury when he received the proceeds from the settlement of his

---

[1] See 21st Century Ins. Co. v. Superior Court, 47 Cal.4th 511, 521 (2009) (noting "[m]ed-pay insurance contracts typically contain provisions that grant the insurer a right of reimbursement for certain payments that the third party who caused the insured's losses makes to the insured"; affirming court of appeal's judgment in favor of insurer).

[2] The provision at issue provides as follows: "If the person to or for whom we make payment recovers proceeds from any party liable for the bodily injury, that person shall hold in trust for us the proceeds of the recovery, and reimburse us to the extent of our payment." (See Comp. Ex. A.)

1    bodily injury claim against Lana Choi ("Choi"), the driver of the vehicle that rear-ended

2    Ching's vehicle at the time he was stopped at a stop light.  (See, e.g., Goodman Decl. Tab

3    8 (letter from Choi's insurer to Choi (stating: "[W]e have accepted 100% of liability and we

4    have attributed 0% to the other party."); id. Tab 10 (letter from Ching's counsel to Choi's

5    insurer) at 2 (stating: "[Y]our insured caused the subject collision for violating California

6    Vehicle Code Section 22350 (unsafe speed for conditions) . . . . "[Y]our insured's

7    negligence and inattention proximately caused the injuries and damages to our client[.]").)

8    Consequently, Ching was obligated to reimburse State Farm in the amount claimed by

9    State Farm.[3]

10        In light of the above, State Farm's actions do not, as a matter of law, constitute

11   "unfair competition" under the UCL, see Cal. Bus. & Prof. Code § 17200, nor is plaintiff

12   entitled to a declaration in his favor.

13        Accordingly, with respect to plaintiff's remaining claims, defendant's motion for

14   summary judgment is hereby GRANTED and plaintiff's motion for summary judgment is

15   hereby DENIED.

16        **IT IS SO ORDERED.**

17

18   Dated:  September 20, 2010

19                                                    MAXINE M. CHESNEY
                                                      United States District Judge
20

21

22

23

24

25

26

27        [3] Both in his moving papers and at the hearing, plaintiff has made clear that he is not
     claiming he was not made whole by the settlement or by reason of the reimbursement.
28   (See Pl's Reply at 2 (stating "this is not a made-whole case").)